## PEOPLE *v.* CHISHOLM.

A levy under execution, on sufficient property to satisfy it, is a satisfaction of the judgment.

Where a judgment is rendered against A and his sureties, and A and a portion of his sureties, in order to secure the payment of said judgment, mortgage their property, subsequent to which an execution under the judgment is levied upon sufficient property of B, a surety not joining in the mortgage, to satisfy the judgment, and afterwards is voluntarily released : *Held,* that no action can be maintained on the mortgage, for the levy satisfying the judgment, the mortgage, as an incident thereto, must also be thereby satisfied.

The voluntary release of the property levied on, by the plaintiff in execution, could not revive the obligation on the mortgage given to secure the judgment.

APPEAL from the District Court of the Eleventh Judicial District, County of Yolo.

The State of California, on the twenty-eighth of December, 1854, recovered judgment in the Court below against Alex. Chisholm and his sureties, Van Arnam, Tufts, Myrick, and Webb, for the sum of one thousand nine hundred and ninety-two dollars and fifty-nine cents. On the twenty-seventh of March, 1855, A. Chisholm, A. J. Chisholm, and C. Chisholm, mortgaged a farm in Yolo county to the State of California, for the purpose of securing the payment of the judgment aforesaid. This was an action to foreclose the mortgage, to which the defendants

answered, and on the trial thereof proved that between the time of the execution of the mortgage and the commencement of this ·suit, the State, as plaintiff, had collected, by means of a levy under · the judgment on the property of A. Chisholm and a sale thereunder, the sum of two hundred and ninety-nine dollars, and that between the same periods of time the State, as plaintiff, caused another writ of execution to issue from the judgment, and to be levied upon property of Van Arnam, of the value of eighteen hundred dollars, which said property was, subsequent to said levy, released therefrom, in the language of the agreed statement, " by the operation of the statute releasing said John Van Arnam from all liability upon the said judgment and upon the order of *this Court*" (the Court below.) The statute releasing John Van Arnam was passed in the year 1856. The Court below· rendered a judgment of foreclosure in favor of plaintiff, from which the defendants appealed.

*Bowie & Griffiths* for Appellants.

Appellants allege as errors of the Court below, that the Court erred in decreeing a judgment of foreclosure, upon the grounds : First, That the mortgage being a secondary liability of the payment of the judgment on said bond, the prior levy upon the property of the original judgment-debtors, was a release of those secondarily liable.

Second, The passage of the statute of March 1st, 1856, releasing John Van Arnam, one of the principal obligors, was a discharge of those secondarily liable.

Third, The State of California cannot by law be a party to a mortgage, or seek the sale of property under a decree of foreclosure.

No brief on file for Respondent.

Murray, C. J., delivered the opinion of the Court—Burnett, J., concurring.

The levy upon the property of Van Arnam was a satisfaction of the original judgment against Alexander Chisholm and his sureties. " A levy under an execution on property sufficient to satisfy the same, is a satisfaction of the judgment." Mickles *v.* Haskin, 11 Wendell. The mortgage sought to be foreclosed being given as a security for the judgment, and therefore a mere incident, must fall with it. This consequence cannot be avoided by the act of 1856, releasing Van Arnam from all liability as surety of Alexander Chisholm.

The voluntary release of the property, by the plaintiff in execution, could not revive a collateral liability upon the part of the defendants, which had already been discharged by operation of law.

Judgment reversed, and bill dismissed.