## MULFORD v. ESTUDILLO *et als.*

A BOND, being under seal, imports a consideration, if there be nothing in its terms which negatives this conclusion. And where a bond, dated twenty-ninth of August, 1857, recited that: "Whereas the undersigned have this day, by deed bearing date and executed this twenty-ninth August, 1857, entered into an agreement with divers persons at present occupying portions of the Rancho San Leandro, respecting said rancho, and to adjust difficulties between said persons and the undersigned; and there is pending an appeal from the Circuit Court of the United States for the District of California to the Supreme Court of the United States in the case of *C. Boyreau* v. *R. Campbell et al.*, said persons, parties to said agreement of this date, being party defendants thereto. Now, therefore," etc.—the obligors binding themselves to hold harmless the defendants in said suit from damages and costs on appeal, and to carry out the agreement: *Held,* that this recital does not show or tend to show that the bond was made upon a past and executed consideration—to wit: the agreement—and is, therefore, void.

APPEAL from the Third District.

The facts appear in the opinion of the Court. The agreement referred to in the bond is not set out. Plaintiff appeals.

*E. W. F. Sloan,* for Appellant.

1. It was not necessary that a consideration should have been expressed in the instrument, or averred in the complaint. The covenant being under seal implies a sufficient consideration. (*Mc-*

*Carty* v. *Beach,* 10 Cal. 463 ; *Maun* v. *Eckford's Ex'r.,* 15 Wend. 520.)

2. The covenant does not bind the parties to perform anything illegal, immoral, or that is contrary to public policy. It is not in restraint of trade, or otherwise *prima facie* void, so as to bring the case within any exception to the general rule. (*Ross* v. *Sodgbeer,* 21 Wend. 165.)

3. No want of consideration appears upon the face of the instrument ; nor does any want of consideration, or failure of consideration appear on the face of the complaint. There is no cause of demurrer. (*McCarty* v. *Beach,* 10 Cal. 463.)

*Saunders & Campbell and Clarke,* for Respondents.

I.   There is no connection shown between the defendants herein and the plaintiff Boyreau in the ejectment suit. Boyreau is not a party to these proceedings between plaintiff and defendants. Defendants, strangers to the transaction, gave a bond to save plaintiff harmless from Boyreau, who held a judgment against them and others. The terms of the agreement referred to are not set out. The plaintiff is a party to that agreement. Had it contained one word showing consideration, it is to be presumed it would have been stated. It is the bald case of A becoming responsible for the debt of B, without consideration and without request, and then B suing A because he had not complied with this void promise.

Plaintiff relies solely upon the seal as sufficient proof of consideration, but this Court in *McCarty* v. *Beach* (10 Cal. 461) say : " It is true, where a want of consideration appears on the record, it is ground of demurrer." There is a distinction between this case and that ; there the obligation was to pay the debt of the obligor ; here it is to save the obligee himself against his own debts ; there the defendant had sold the very land to plaintiff ; here defendant was a stranger to Boyreau.

We have hitherto gone upon the view that the covenant sets out no consideration. It does, in fact, set out a consideration ; but that consideration is insufficient at law to support a promise, and falls under the same head as no consideration at all.

This covenant recites the consideration, that the respondents have

by deed entered into agreement with divers parties—the appellant, among others—among other things, to adjust present difficulties between them.   This would have been good had it been a present instead of a past consideration.

The new agreement is an after-matter; it is not a part of the first contract, but takes that past executed contract for its consideration.

· Now past consideration will support no promise, however express, unless it has been done at the request of the party ; and no request to enter into this agreement is stated.   (Smith on Cont. 60 [Phila. Ed. 1847] : *Kage* v. *Dutton*, 7 M. & G. 807.)

This rule holds good, unless the express promise is also implied by law, which cannot be pretended in this case.   (See notes to Smith on Cont. 60–64; *Jennings* v. *Brown*, 9 M. & W. 301; 1 Smith's S. C. 225 ; notes to *Lamply* v. *Brathwaite; Eastwood* v. *Kenyon.*)

It is contended on these authorities that the case falls within the position taken by this Court in *McCarty* v. *Beach*, that where the consideration appears from the complaint to be insufficient, even on a sealed instrument demurrer will hold.

*Sloan*, in reply.

1. The doctrine invoked by respondents as contained in Smith on Contracts is not controverted; but it applies only to cases of assumpsit on simple contracts, not to actions of covenant on specialties.   (Smith on Cont. 82, 83.)

Now a failure or want of consideration may be a good defense to an action on a specialty under our statute in relation to bonds, &c., if, indeed, a covenant of this character is within the statute ; but can only avail the defendant by plea and proof.   It is very clear, however, that this instrument is not within the operation of the statute.   Neither debt nor detinue would lie upon it.   It is not an agreement " to pay any sum or sums of money, or articles of personal property, or any sum of money in personal property ; " nor does it " acknowledge any sum of money or articles in personal property to be due to any other person."   Covenants of this kind must be controlled alone by the rules of the common law.   Comp. Laws, 164, chap. 31, sec. 1.)

Mulford v. Estudillo.

2. The assumption that there is a want of consideration affirmatively appearing on the face of the complaint, is without foundation.

The indenture of the same date with the instrument sued, and the appeal or writ of error bond of prior date, are referred to in that instrument for the purpose of identifying the covenantees, and of showing what the covenantors were to perform.

Any given consideration might be assigned without contradicting in any particular either the complaint or the deed of covenant on which it was founded.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

A demurrer was sustained to the complaint in this case, and the appeal is from the judgment sustaining it.

The complaint counts upon a bond of indemnity executed by the defendants to the plaintiff, for breach of which this action is brought. A synopsis of the complaint will show the point made and passed on below, and which we here decide on appeal.   The bond recites, that defendants had, by deed of same date, entered into agreement with divers persons, then occupying parts of Rancho San Leandro, respecting the rancho, to adjust difficulties; and that there is an appeal from the Circuit to the Supreme Court, in *Clement Boyreau* v. *Campbell*, the parties to said agreement being parties defendant to said suit, then defendants covenant with said parties to said agreement at all times to indemnify them and their sureties on the appeal bond in said case, against all damages, from any judgment, for any costs, or damages recovered, or to be recovered thereon, and that any judgment of possession thereon shall be carried out in accordance with said cotemporaneous agreement, so far as the parties thereto are concerned, the intention being that neither said parties nor their sureties shall be called on to pay costs or damages in the said suit, nor to be molested by any judgment therein ; that plaintiff was one of the parties to said agreement, and occupied a portion of said rancho ; shows that by appeal bond is meant the writ of error bond ; that judgment has been rendered in favor of Boyreau for possession and costs ; that a writ of error had been given, signed by plaintiff and others, as principals, and by Bray and others as

sureties, in usual form ; the affirmance of the judgment, with costs, remittitur, amount of costs, $1,636.06 ; and writ of error, not prosecuted with effect, whereby the parties became liable to pay the costs of Boyreau, and being so liable, and the bond in full force, Bray, one of the sureties, paid to Boyreau the costs, for which Boyreau had caused execution to issue, whereby an action had accrued to Bray, to recover of any of said principals ; that he sued said plaintiff as one of the principals, and recovered the amount, which plaintiff paid to said Bray, identifies the suit referred to, in the instrument sued on, with the said suit of *Boyreau* v. *Campbell,* that the defendants have not kept their covenant with plaintiff, but have broken the same in this ; said Bray was called on to pay, and did pay the costs recovered in said action, and that plaintiff has been called on as aforesaid, and paid and reimbursed said Bray, all of which defendants had notice ; damages to amount of costs, and prayer for judgment therefor.

The error of the respondent is, in supposing that this complaint, reciting the bond, shows upon its face a want of consideration for the bond.     The instrument, being under seal, imports a consideration, if there be nothing in its terms which negatives this conclusion.     This we have held in several cases.     Now, the mere fact that the bond recites that an agreement *had been* made, as therein recited, does not show, or tend to show, that this bond was induced by a past and executed consideration.     It is perfectly consistent with this recital to suppose that the obligors executed the bond on good consideration.     If it had recited, that in consideration alone of a past fact or act with which the obligors were not connected, as the existing indebtedness of A to B, C promises to pay so much money, it might be contended that this promise, sealed or unsealed, was *nudum factum,* for it would ignore any other or new consideration for the last promise.     But this is not the case.     The instrument here recites that a certain agreement had already been made, but it does not make the promise to indemnify at all dependent on that fact ; nor is the first agreement set out.     It may very well be, for all that appears, that by that agreement this contract was stipulated for, or that it created some obligation to execute it, or to do the acts stipulated by the last bond.     But it is enough to say

that *prima facie* the bond is binding, and imports a consideration, and, on demurrer, the paper itself, as set out, must show a want of consideration.   This the instrument in question does not show, and therefore the demurrer was improperly sustained:

Judgment reversed and cause remanded.