## MULFORD *v.* ESTUDILLO *et al.*

A LEVY under an execution upon sufficient personal property to satisfy the same, is a satisfaction of the judgment, sufficient at least to discharge third persons who are liable collaterally or as sureties therefor, and the release of the property from levy thus made, without the consent of the parties thus liable, cannot revive their liability.

The law does not deem such levy a payment, but it is a satisfaction or discharge.

Where such levy is set forth in the answer as a defense, it is new matter, and under the former provisions of the Practice Act concerning replications, is deemed admitted, unless a replication is filed denying the same.

If an Appellate Court affirms the judgment of the Court below with costs, and upon the filing of its mandate of affirmance in the Court below, an order is made directing a new judgment to be entered up in accordance with the directions of the mandate, such new judgment, although it may be erroneous or irregular, is not void so as to invalidate an execution issued on the same.

APPEAL from the Third Judicial District, Alameda County.

On the twenty-ninth day of January, 1857, Clement Boyreau recovered judgment in the Circuit Court of the United States for California, in an action of ejectment against Robert Campbell, Thos. W. Mulford, the present plaintiff, and thirty-six others, occupants of a portion of the San Leandro Rancho, for the recovery of the possession of a portion of said rancho, and costs of suit. From said judgment the defendants therein prosecuted a writ of error to the Supreme Court of the United States, and to enable them to do so, the defendants in the judgment as principals and George V. Sanchs, James P. Valliant, G. W. Kinser, and John G. Bray, as sureties, executed the usual writ of error bond.

The defendants in this action, Juana M. Estudillo and eleven others, none of whom were defendants in the judgment recovered by Boyreau in the Circuit Court of the United States, on the twenty-ninth day of August, 1857, executed to the defendants in the judgment recovered by Boyreau a bond by which they covenanted to indemnify them and their sureties on the writ of error bond against all damages and costs from any judgment already recovered or to be recovered in the suit of *Boyreau* v. *Campbell et al.*

The judgment recovered by Boyreau was, on the thirty-first day of January, 1859, affirmed by the Supreme Court of the United States with costs; and on the same day the mandate of affirmance was sent down to the Circuit Court. Upon the filing of the mandate of affirmance, and on the ninth day of November, 1859, the Circuit Court on plaintiff's motion, without notice to the defendants, made an order that judgment be entered in accordance with the mandate; and on the same day a new judgment for costs was entered in favor of Boyreau. On the thirtieth day of November, 1859, an execution was issued on this new judgment and placed in the hands of the Marshal, who, on the second day of December, 1859, levied on sufficient of the goods of James Kennedy, one of the defendants, to satisfy the judgment; and on the same day the sale of the property was suspended by order of the Judge of the Circuit Court, and on the fourth day of February, 1860, the Circuit Court made an order that the original judgment in the case of

*Boyreau* v. *Campbell et al.* be enforced and not the new judgment, and that the costs directed to be collected by the mandate of the Supreme Court be made, *nunc pro tunc*, a part of the original judgment, and that execution issue for the enforcement of the same. On the twenty-first day of February, 1860, the Marshal, by order of Boyreau's attorney, released the levy which he had made on Kennedy's goods. On the sixteenth day of February, 1860, Bray, one of the sureties on the writ of error bond, was called on to pay the judgment for costs, and paid the same to Boyreau, the plaintiff. Bray then sued Mulford, one of the principals in the writ of error bond for reimbursement, and recovered judgment against him; and on the eleventh day of June, 1860, Mulford paid him the full amount of the judgment, $1,704.68. Mulford then brought the present action upon the indemnity bond given by Estudillo and others to recover judgment for the money thus paid. Plaintiff had judgment in the Court below, and defendants appealed.

*W. W. Crane, Jr.*, for Appellants.

The allegation that the execution was levied upon the goods and chattels of James Kennedy, sufficient in value to satisfy the judgment, is an averment of new matter, and not being replied to, stands admitted upon the record. It is a statement of facts occurring between Boyreau and Kennedy, the legal effect of which, we claim, was to avoid the liability.

Our answer confesses that the bond of indemnity was executed; that there was a judgment for costs; that Bray paid it; but we avoid the legal effect of those facts by stating that something occurred before the payment which discharges us *per se.*

In *Frisch* v. *Caler* (21 Cal. 71) this Court held, that an allegation of payment in an action upon a note was not new matter, because an essential averment of the complaint was non-payment. In the case at bar, there is no question as to whether or not the bond of indemnity has been paid. It was not necessary to allege it had not been paid. A statement of the above facts confessed by us leads to the legal conclusion that the indemnitors are bound. How can we avoid that conclusion? Either by showing that we paid it, or that something has occurred which in law discharges us. We show the latter, and do not claim that we paid.

Mulford *v.* Estudillo.

In an action at law upon a contract, about the only issues that can be presented, are: 1st. That the defendant never made the contract. 2d. That he has paid the claim. 3d. That since he made the contract, something has occurred, the legal effect of which is to discharge him. The first two constitute the general issue, the last, new matter. *Goddard* v. *Fulton* (21 Cal. 430) is to the same effect as *Frisch* v. *Caler.*

The defendants here are third persons as to the judgment in the suit between *Boyreau* v. *Campbell et al.* They are sureties, to the effect that Boyreau will not compel Mulford to pay his judgment for costs. Therefore, a levy upon the property of Kennedy by Boyreau of sufficient value to satisfy the writ is as between the execution plaintiff and defendant, at least, *prima facie*, a satisfaction of the judgment, and as to third persons, like defendants here, is absolute satisfaction. (*People* v. *Chisholm,* 8 Cal. 29; *Morley* v. *Dickinson,* 12 Id. 563; *Newson* v. *McLoudon,* 6 Ga. 392; *Duncan* v. *Harris,* 17 Sergt. & Rawle, 436; *Finley* v. *King,* 1 Head, Tenn., 123; *Brown* v. *Kidd,* 34 Miss. 291; *Voorhies* v. *Gross,* 3 Howard's Pr. 262; *Hayden* v. *Agent of State Prison,* 1 Sand. Ch. 195.)

Respondent claims however that the judgment of November 9th, 1859, is absolutely void, and that consequently the execution under which the levy was made is also void. The record shows that the U. S. Circuit Court had jurisdiction of the persons of the defendant and the subject matter of the action. The broad proposition I urge is, that under these circumstances, the judgment or proceedings of the U. S. Circuit Court cannot be attacked collaterally, and that, though as between the parties to the suit the entry of the second judgment, might in the Circuit Court by motion, or in the Supreme Court on appeal, be held to be clearly erroneous, yet that in the case at bar it is conclusive. (*Whitwell* v. *Barbier,* 7 Cal. 54; *Reynolds* v. *Harris,* 14 Id. 667; *Voorhies* v. *Bank of U. S.,* 10 Pet. 449.)

*E. W. F. Sloan,* for Respondent.

The averment of a levy under execution, is but a denial of the liability of Bray, as surety on the writ of error bond, circumstan-

tially stated. It is not a statement of new matter. (*Spear* v. *Ward et al.,* 20 Cal. 675; *Frisch* v. *Caler,* 21 Id. 71; *Goddard* v. *Fulton,* Id. 430.)

The seizure of Kennedy's goods by the Marshal under that execution, was not a satisfaction of the judgment of the Circuit Court, mentioned in the covenant and complaint herein, for various reasons. The mere seizure of personal property on execution, by the officer, is only a satisfaction *sub mode.* (*Green* v. *Burke,* 23 Wend. 495; *People* v. *Hopson,* 1 Denio, 577; *Waddell* v. *Elmendorf,* 5 Id. 448; *Peck* v. *Tiffany,* 2 Comst. 456.) Where the Sheriff or Marshal seizes as much property as he desires it is presumed to be sufficient, until the contrary appears upon a sale. A second seizure, or other excessive levy is oppressive, and renders the officer a trespasser. The first levy is, *prima facie,* a satisfaction as to the defendant, so long as the goods remain in the hands of the Sheriff. Not so, however, where they have been restored to and accepted by the defendant himself. But, if improperly restored or otherwise disposed of by the officer, he renders himself chargeable to the plaintiff in execution, who for that purpose may proceed against such officer as if the money had been collected. Again, the property seized may be released by order of Court, or by the direction of the plaintiff and acquiescence of the defendant; in which case, as to the officer and the parties, the matter would stand as before the levy, though it might be a discharge of the judgment lien as to a *bona fide* purchaser for value; as in *Voorhies* v. *Gross* (3 How. Pr. 262), cited by appellants.

The formal draft purporting to be an entry of judgment, bearing date November 9th, 1859, was a nullity. The Court had already exhausted its power over the subject matter and the parties. It was a fundamental principle of the common law, that "none could have judgment except upon complaint exhibited to the Court against the defendant whilst in Court." A final judgment puts an end to the cause in which it is pronounced. The cause itself is no longer pending. Error in law or fact, can be brought up for trial only by a new writ. If, upon reversal of the judgment for error in law, a *venire facias de novo* is awarded, the original cause is restored to its former position, and the Court below has jurisdiction to try the cause again.

Mulford *v.* Estudillo.

Where the judgment below is simply affirmed on writ of error, unless it remains in the Appellate Court and is there carried into execution, no new judgment can be entered up. The Court below has no power to enter a new judgment. The original judgment is remanded alone for execution. (*Eno* v. *Crooke,* 6 How. 463, 465.)

The formal entry of judgment, in *Boyreau* v. *Campbell et al.,* upon filing the mandate of the Supreme Court, was not a mere irregular erroneous proceeding. It was utterly *coram non judice* and void. The entry of the formal judgment must be regarded as a mere clerical act. If it possesses any validity whatever, why may not the plaintiff cause a new judgment to be entered up, from time to time, for an indefinite period, as it may suit his whims or caprices? How can absolute verity be ascribed to the judgment roll, if the plaintiff can have as many new entries of judgment made upon it as he pleases, after the suit has ended and the defendant gone hence?

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover damages upon a bond of indemnity. The case has been previously before this Court, on appeal from a judgment rendered upon demurrer to the complaint, and will be found reported in 17 Cal. 618. After the decision of the first appeal the defendant answered, setting forth that the parties to the agreement mentioned in the bond of indemnity were never called upon or required to pay any costs or damages recovered in the suit of *Boyreau* v. *Campbell et al.,* or molested or disturbed by any judgment therein; and, further, that the costs in the action of *Boyreau* v. *Campbell et al.,* were paid by other of the defendants therein than those who were parties to the agreement; that the execution issued in said action was duly levied on the goods and chattels of one James Kennedy, one of the defendants therein, but who was not a party to the agreement, to an amount and value amply sufficient to satisfy and discharge said execution; that this levy was made before the payment by Bray, and the goods and chattels were in the custody of the Marshal, under the levy, at the

time of such payment.    To this answer there was no replication. The action was tried by the Court, who found for the plaintiff, and judgment was rendered accordingly, from which the defendants appeal.

The appellants contend that the allegations in the answer respecting the satisfaction of the execution by a levy upon sufficient personal property is new matter, and, no replication being filed thereto, is to be deemed admitted.    On the contrary, the respondent contends that these averments are in the nature of a plea of payment, and therefore not new matter needing a replication.    The law is well settled that, as a general rule, a levy under an execution upon sufficient personal property to satisfy the same is a satisfaction of the judgment, sufficient at least to discharge third persons who were liable collaterally, or as sureties thereon.    (*People* v. *Chisholm*, 8 Cal. 29; *Mickles* v. *Haskin*, 11 Wend. 125; *Morley* v. *Dickinson*, 12 Cal. 561.)    The law does not deem such a levy a *payment*, but it is termed a satisfaction or discharge, and the facts thus set forth in the answer were properly new matter, and were to be taken as true, no replication denying the same having been filed.

The defendants agreed to indemnify the plaintiff against the payment of costs in *Boyreau* v. *Campbell et al.*, and they were therefore in a manner collaterally liable therefor, in the nature of sureties.    The levy upon sufficient personal property to satisfy the judgment and execution in that case operated as a satisfaction thereof, sufficient at least to discharge the collateral liability of these defendants.    Neither the plaintiff in that action, nor Bray, one of the parties to the agreement, could do any act by which such discharge could be rendered ineffectual or nugatory, without the consent of these defendants.    (*Morley* v. *Dickinson*, 12 Cal. 561.)    It follows, that neither the release of the property from the levy by the plaintiff in that action, nor the subsequent voluntary payment of the judgment by Bray, could revive the liability of these defendants which had been thus discharged, unless done with their consent, no evidence of which appears in this case.

The rule that a levy upon sufficient personal property is satisfaction of the judgment is subject to many qualifications as between

the parties to the judgment, which it is not necessary to notice here, as they do not apply to the case before us.

The judgment on which the execution issued may have been erroneous or irregular, but it was not void, so as to render the execution invalid. The Court in which it was rendered had jurisdiction of the parties and of the subject matter, and that was sufficient to make it valid, so far at least that it could not be inquired into in this collateral action.

The judgment of the Court below is reversed and the cause remanded.