THOMAS W. MULFORD *v.* JUANA M. ESTUDILLO *et al.*

JUDGMENT IN SUPREME COURT.—If the plaintiff admits on the pleadings that he never had a cause of action against the defendant, the Supreme Court will reverse a judgment in his favor, and may either order a judgment in defendant's favor in the Court below, or may remand the cause for further proceedings.

WHEN ANSWER IS CONSIDERED FILED.—If the plaintiff amends his complaint, and the defendant obtains an order to have his answer on file stand as the answer to the amended complaint, the answer is to be treated as if filed when the order is made.

OPINION OF SUPREME COURT ON APPEAL.—The presumption is, that all the facts in a record, bearing on the points decided, have received due consideration by the Supreme Court, whether all, or a part, or none of those facts are mentioned in the opinion.

LAW OF A CASE.—The decision of the Supreme Court becomes the law of the case on a second appeal, whether all, or a part, or none, of the facts bearing on the points decided are mentioned in the opinion.

IDEM.—The discussion and determination, in an opinion of the Supreme Court, of other points not tending to the decision of the point upon which the appeal was disposed of, must be regarded as dicta, and not as the law of the case.

ADMISSION OF FACTS ON THE RECORD.—When an ultimate fact is admitted on the record, probative facts tending to establish, modify, or overcome it, will not be considered by the Court.

JUDGMENT ON RETURN OF MANDATE OF APPELLATE COURT.—If, on an appeal, the Supreme Court of the United States simply affirm the judgment of the Circuit Court, the judgment thus affirmed becomes final, and the Circuit Court has no jurisdiction on the return of the mandate of the Supreme Court to render a new judgment.

SATISFACTION OF JUDGMENT BY LEVY OF EXECUTION.—If, on the return of a mandate from the Supreme Court of the United States to the Circuit Court, affirming the judgment of the Circuit Court, a new judgment is rendered by the Circuit Court, the issuance of an execution on the new judgment and the levy on property sufficient to satisfy it is not a satisfaction of the judgment or costs.

IDEM.—If, on the return of a mandate from the Supreme Court affirming the judgment of a Circuit Court, a new judgment is rendered by the Circuit Court, and an execution is issued on it, and a levy is made on sufficient property to satisfy it, and the Circuit Court then sets aside the new judgment and directs the old one to be enforced, the levy is not a satisfaction of the first judgment or the costs.

SATISFACTION OF JUDGMENT.—If, after an execution has been· levied on sufficient property to satisfy a judgment, the Court orders that the judgment be not enforced, the order releases the levy, and it will not have the effect of satisfying the judgment.

Appeal from the District Court, Third Judicial District, Alameda County.

The principal facts are stated in the report of this case on the former appeal, found in 23 Cal. 94. A brief recapitulation will here be made to elucidate the points decided. Boyreau sued Campbell and others in the Circuit Court of the United States for the Northern District of California, to recover possession of a portion of the Rancho San Leandro, in the County of Alameda. The plaintiff recovered judgment, and the defendants appealed to the Supreme Court of the United States and procured a writ of error bond signed by Bray and others as sureties. The defendants in this action executed an undertaking agreeing to indemnify the signers of the writ of error bond from and against any and all damages, by and from any judgment for costs and damages recovered, or to be recovered therein. The Supreme Court of the United States affirmed the judgment at the December term, 1858, and the mandate was filed in the Circuit Court on the 9th day of November, 1859. On the same day, on motion of the plaintiff's attorneys, a new judgment was rendered in the Circuit Court for costs, and awarding the plaintiff possession of the land. On the 30th day of November an execution was issued on this new judgment, and on the 2d day of December the Marshal levied on sufficient of the property of James Kennedy, who was one of the defendants in the original action, to satisfy the judgment. On the 4th day of February, 1860, the Circuit Court, on motion of the defendant's attorneys, ordered that the original, and not the new judgment, be enforced. On the 21st day of February, 1860, the Marshal released the property levied on. On the 16th day of February, 1860, Bray paid the plaintiff the full amount of the judgment, and soon after sued Mulford, the plaintiff in this action, who was one of the principals in the writ of error bond, to recover the sum so paid. Bray recovered judgment against Mulford, on the 11th day of April, 1860, and on the 11th day of June, 1860, Mulford satisfied the judgment. Mulford, on the 27th

day of June, 1860, brought this action against the persons who executed the indemnifying undertaking to recover the amount he had paid to Bray. The answer was filed April 29th, 1861, at which time the Practice Act provided, that " upon the failure of the plaintiff to file a replication denying new matter set up in the answer, such new matter should be taken as true." At the June term, 1864, when the new trial took place, the clause in the Practice Act requiring a replication to be filed. had been repealed. Defendants moved for judgment on the pleadings, and the Court denied the motion. Plaintiff recovered judgment, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*W. W. Crane, Jr.*, for Appellants.

The motion for judgment on the pleadings should have been granted. The answer sets up new matter which avoided defendants' legal liability, and this new matter was not denied by a replication. The plaintiff's amendment to his complaint was immaterial, and did not do away with the necessity of filing a replication. (Practice Act, Sec. 66 ; *Whitwell* v. *Thomas*, 9 Cal. 499 ; and *Green* v. *Palmer*, 15 Cal. 412.) Where a surety pays the debt of the principal, the law considers that the principal requested such payment, and he will be held liable therefor to the surety ; but not so in cases where the surety was under no legal obligation to make such payment. (*Kimble* v. *Cummins*, 3 Met., Ky., 327.) Tested by this rule, it is clear that when Bray paid Boyreau, he was under no legal obligation to do so, and this is demonstrated by the fact that if Boyreau had then commenced an action against Bray on the writ of error bond, the latter could have defeated the action by showing the subsisting levy. Another consideration furnishes a further demonstration of the same proposition. Could Bray have maintained an action against Kennedy, as one of his principals, on the writ of error bond ? Clearly not ; because a conclusive answer on the part of Kennedy would have been that his (Kennedy's) personal property was then held under the levy, and he (Bray) was under no

legal compulsion to step forward and pay the judgment. (*Exall* v. *Partridge,* 8 Term. R. 310.)

*R. R. Provines,* for Respondent.

That this so-called new judgment was void, we think can admit of no doubt. (*Phillips* v. *Berry,* 1 Salk. 403 ; *Eno* v. *Crooks,* 6 How. Pr. R. 463–5.) The Circuit Court itself seems to have come to that conclusion when it entered the order of February 4th, 1860, directing that it be not enforced. The late Supreme Court seems to have regarded this new judgment as not void, although it is conceded that it " may have been erroneous or irregular." It really matters very little as regards the case at bar, whether that judgment was void or merely erroneous or irregular, since it had been entirely abrogated and annulled by the Court in which it was supposed to have been entered. The motion for judgment for defendants on the pleadings was properly denied. It was made after the complaint had been amended, and after the entry of the order, made on defendants' motion, allowing the answer to the original complaint to stand as the answer to the complaint as amended. There was thus clearly made up an issue as to whether the original judgment in *Boyreau* v. *Campbell et al.* was paid, satisfied, or otherwise discharged. The motion was, therefore, and for other reasons, properly denied. If the averment added to the complaint by way of amendment was immaterial, as claimed by counsel, then that portion of the answer which traverses that allegation and the issue thus presented must also have been immaterial, and if judgment upon the pleadings should have been given at all, it should have been in favor of the plaintiff.

*Mr. Crane,* in reply.

The counsel for respondent claims that the judgment of November 9th, 1859, was absolutely void. It is sufficient to say that this point has been disposed of in the opinion on the former appeal, 23 Cal. 101. The Court there say : " The judgment on which the execution issued may have been erro-

neous or irregular, but it was not void, so as to·render the execution invalid.  The Court in which it was rendered had jurisdiction of the parties and of the subject matter, and that was sufficient to make it valid, so far, at least, that it could not be inquired into in this collateral action."

By the Court, RHODES, J.:

The first inquiry is, what was determined by this Court on the last appeal in this case?   The case is reported in 23 Cal. 94.   The plaintiff alleged in his complaint, that while the case of *Boyreau* v. *Campbell* was pending in the Supreme Court of the United States, the defendants executed to the plaintiff and others the instrument in suit—which the parties call a bond of indemnity—by which the makers of the bond agreed to indemnify the obligees and their sureties upon the writ of error bond against all damages and costs recovered or to be recovered in the case of *Boyreau* v. *Campbell;* that the judgment in that case was affirmed by the Supreme Court and remanded to the Circuit Court for execution; that Bray, one of the sureties upon the writ of error bond, paid the judgment for costs, execution therefor having been issued, and afterwards recovered judgment for the same against the plaintiff, and that the plaintiff paid the latter judgment.  The defendants in their answer, after denying several of the allegations of the complaint, set up as a defense that before the payment by Bray, the execution had been levied upon sufficient property of Kennedy, a defendant in that case, but not a party to the indemnity bond, to satisfy the execution, and that the property was in the custody of the Marshal at the time Bray made his payment.

On appeal, the defendants contended that the above defense was a complete answer to the action, by way of confession and avoidance, that the matter of avoidance constituted new matter within the meaning of the Practice Act, and that as the plaintiff had not replied to it—as was then required by the Act—it stood as admitted on the record.   The Court held

with the defendants, that the facts set forth in the answer constituted new matter, and were to be taken as true, because the plaintiff failed to reply to them. The decision of that point virtually ended the cause on appeal; for if the plaintiff admits on the pleadings facts showing that he never had a cause of action against the defendants on the bond of indemnity, the judgment in his favor must of necessity be reversed. The Court might thereupon have ordered judgment for the defendants; or, if in their opinion the circumstances of the case required it, have remanded the cause for further proceedings. The Court pursued the latter course, and both parties agree that the cause was remanded for a new trial.

Upon the return of the cause to the District Court, the plaintiff obtained leave to amend the complaint, and it was accordingly amended; and upon motion of defendants their answer on file was allowed to stand as their answer to the amended complaint. The answer is to be treated as if it had been then filed, and at that time no replication was required by the Practice Act. The amendment amounted to this : that the judgment of the Circuit Court was not paid, satisfied, or otherwise discharged, when Bray, a surety upon the writ of error bond, paid to the judgment plaintiff the amount of the judgment. That averment 'is material; for if the judgment did not in fact then remain unpaid and unsatisfied, no cause of action accrued to Bray because of his having made the payment. The answer having been in effect filed as the answer to the amended complaint, and no replication thereto being required, the new matter therein contained was deemed to be controverted by the plaintiff, and the burden of proof was cast on the defendants.

At the new trial the District Court found, among other things, that Bray, on the 16th day of February, 1860, paid Boyreau one thousand six hundred and thirty-four dollars and sixty cents, " in discharge of the judgment in said case of *Boyreau* v. *Campbell and others,* for and upon which execution issued on the 15th day of February, 1860, and in payment of said writ of error bond, as such surety ;" and second—" that

said judgment for costs was not paid, satisfied or otherwise discharged by any other person than the said John G. Bray." There is no disagreement between the parties as to the facts of the case which we regard as material, except as to whether the judgment for costs was unsatisfied at the time the payment was made by Bray.

The defendants, in their motion for a new trial, do not specify that the evidence was insufficient to justify the second finding; but they state as one of the grounds, that " there is no evidence that the defendants directed or consented to the discharge of the levy in said action upon the personal property of James Kennedy." No such fact was actually found, and we could not say from the record that it was presumptively found. The object of this specification, however, is very manifest, and that is to present the point that the second finding is in conflict with the decision on the former appeal.

Neither party is willing to accept that portion of the opinion following the decision of the point on which the former appeal turned, as constituting the law of the case. The defendants contend that the Court misapprehended the facts in the record, and that the reasoning of the Court in respect to the revival of the liability of the sureties upon the writ of error bond, by a discharge of the levy, is fallacious. The plaintiff, on the other hand, would avoid the whole opinion of the Court so far as it respects the levy upon the property of Kennedy and the consequent satisfaction of the judgment, on the ground that the Court omitted to notice, that the judgment upon which the execution in question issued was set aside by the Circuit Court before Bray made his payment. But neither position is tenable. If the opinion in respect to the levy of the execution is the law of the case, it must be accepted with all the qualifications therein stated; and on the other hand the circumstance that a material fact appearing in the record is not recited among other facts which are stated in the opinion, does not tend to show that such fact was not considered by the Court, and its due value assigned to it.

18

The presumption is the same, whether all, or a part or none of the facts are mentioned in the opinion, and that is, that all the facts in the record, bearing on the points decided, have received due consideration.

The question presented by the defendants must be solved upon considerations lying back of those urged by either party. If our views as to what was decided by the Court are correct —and we feel no doubt in the matter—then the discussion and determination of other points not tending to the decision of the point upon which the appeal was disposed of, must be regarded as dicta and not as the law of the case. The answer was in terms almost as general as those in which we have stated its substance. No allusion is therein made to a second judgment of the Circuit Court, or to an execution issued upon such judgment, or to a release, by any means, of the levy made under the execution. The defense, when held to be new matter requiring a replication, and which, for the want of a replication, was deemed to be admitted by the plaintiff, constituted a complete bar to the action; and the discussion of the weight and effect of evidence which would have been admissible, had the plaintiff taken issue upon the new matter in the answer, is mere speculation. Where the ultimate fact is admitted on the record, probative facts tending to establish, modify or overcome it, are not the proper subjects of judicial action; and we must therefore hold that the opinion of the Court in respect to the second judgment of the Circuit Court, the execution, its levy and subsequent release, does not constitute the law of the case, and must be regarded as dicta. The questions arising upon those matters are open to investigation in this case, and we will proceed to their consideration so far as may be necessary for the disposition of the appeal.

At the last trial, the defendants, in order to sustain on their part the issue upon the new matter contained in their answer, introduced in evidence the mandate of the Supreme Court of the United States affirming the judgment of the Circuit Court; the judgment rendered by the Circuit Court on the filing of the mandate; the execution issued upon that judgment and

the Marshal's return showing a levy upon the property of Kennedy; and an order made by the Circuit Court on the 4th day of February, 1860.

The judgment rendered by the Circuit Court on the return of the new mandate was in our opinion simply void. The judgment of the Supreme Court affirming the judgment of the Circuit Court made the judgment affirmed conclusive and in the highest sense final. The Circuit Court doubtless might have or acquire jurisdiction of the parties to enforce the judgment as affirmed, if its aid was invoked for that purpose; but it was as utterly destitute of authority to render judgment in the cause after the return of the mandate, as it was during the pendency of the cause in the Supreme Court. If it can be maintained that the judgment was merely erroneous, the same would be true of a third or any further judgment, and thus there might be an indefinite number of judgments between the same parties for the same cause of action, all of which might be enforced unless reversed by the appellate Court. The judgment being void, the execution was also void.

But conceding the judgment to have been merely erroneous, it was virtually set aside by the order entered on the 4th of February, 1860. The Court ordered that "the original judgment in this cause be enforced, and not the new judgment filed herein." The direction that it be not enforced in effect destroys it for all purposes, and a necessary consequence of the order is, that process issued for the enforcement of the judgment falls with the judgment, and property levied on and then held by the Marshal for the satisfaction of the execution, is released from the execution. If it is considered that the levy while it subsisted operated as a satisfaction or a *quasi* satisfaction of the judgment—the true judgment in the cause— it ceased to have that effect when the levy was discharged by the operation of the order. The order, it will be noticed, was entered several days anterior to the time when Bray made his payment; and so the judgment was unsatisfied at the time Bray paid the judgment for costs, as was found by the Court below.

Judgment affirmed.