Dickman, J.
Ramey & Company, the defendants in error, in September, 1877, recovered judgment upon default in the court of common pleas of Putnam county, against Oliver Day and Hiram Day the plaintiff in error, on a promissory note by them jointly signed, and made to one N. W. Ogan, by whom it was sold and transferred to the defendants in error. On the 7th of March, 1879, an execution was issued on the judgment, and on the same day was levied on the real estate of Hiram Day, described in the petition of the plaintiff below. The land levied upon being included in a mortgage to the Michigan Mutual Life Insurance Company, Ramey & Company commenced an action *448 to adjust the liens on the premises. In the court of common pleas, a demurrer was filed by the plaintiffs to the answer of Hiram Day and sustained. An appeal was taken to the district court, and Hiram Day therein filed an amended answer, to which a demurrer was filed by the plaintiffs and sustained, and thereupon judgment was entered for the plaintiffs. To reverse the judgment of the district court, a petition in error is filed in this court. The case is before us for decision, upon the amended answer filed in the district court, and the plaintiffs’ demurrer admitting the facts therein set forth. As facts, standing'undenied upon the pleadings, Oliver Day was the principal, and Hiram Day — though not so designated — was surety only, on the promissory note upon which judgment was rendered. The relation of the two, as principal and surety, was known' to the plaintiffs below. Upon rendition of judgment, there was no entry of record, under the statute, certifying which of the defendants was principal debtor, and which surety. After judgment, an execution was issued and levied upon a lot of land described as “Inlot 34,” in the town of Pendleton, in Putnam county, Ohio, being the property of Oliver Day, and which was under mortgage, at the time of the levy, to Hiram Day, to indemnify him against loss by reason of his suretyship upon the promissory note sued upon. This mortgage Hiram Day released, upon a promise from the sheriff to him, that he would enter the levy upon his writ of execution, and proceed to make the amount of the judgment out of the lot of land levied upon. The property thus disencumbered was amply sufficient in value to pay the judgment debt, but .the sheriff, under instructions from the plaintiffs, abandoned the levy, and levied upon and sold real estate belonging to Hiram Day to satisfy the execution. This levy upon Hiram Day’s property and the sale thereof, were by order of the court set aside and held for nought. Afterward — on the 16th day of February, 1878 — another execution, issued upon the same judgment, was by the sheriff levied upon “Inlot 34,” and thereafter, this levy was, against the will and protest of Hiram Day, released; *449 and on the 7th of April, 1878, Oliver Day, the principal debtor, died wholly insolvent.
It is a well settled rule, that if the creditor recovers a judgment against principal and surety, and execution thereon is levied upon the property of the principal, and such property is released from the levy and lost as a security by the act of the creditor, the surety will be discharged, to the extent of his injury thereby. Dixon et al. v. Ewing's Adm'rs., 3 Ohio, 280; Curan v. Colbert, 3 Geo., 239; Brown v. Ex'rs of Riggins, Id. 405; Mulford v. Estudillo, 23 Cal., 94; People v. Chisholm, 8 Id., 29; Hubbell v. Carpenter, 5 Barb., 520.
If the creditor has the means of satisfaction in his hands, and chooses not to retain them, he cannot complain. The rights of sureties are largely creations of equity, and courts of chancery will not hold them liable, where the risk is increased by the act of the party for whose benefit the suretyship is intended to inure; and, if by the act of the creditor, the surety is injured or exposed to injury, that act may be laid hold of for the surety’s relief. Rathbone v. Warren, 10 Johns., 591; Cooper Arrington v. Wilcox, 2 Dev. & Bat. Eq., 90.
It is urged, that Hiram Day did not avail himself of the statutory provision, and at the rendition of judgment on the promissory note, secure the proper entry by the clerk, certifying which of the defendants was principal debtor and, which surety. The statute was designed to enlarge the legal rights of the surety, and although by such omission, Hiram Day lost the right of compelling the creditor to. first exhaust the property of the principal debtor, before his property could be taken in execution, he did not thereby lose any of his equitable rights as surety. The contract of the surety is with the creditor, and not with the debtor, and the creditor who accepts a surety is none the less bound to notice the nature of his engagement, because he is required to first proceed against the goods or lands of the principal.
After judgment was rendered against Hiram Day, the *450 relation between him and Oliver Day,; as principal and surety, still continued, and he was then entitled to the same privileges, and was discharged by the same acts of the creditor, as before judgment. Commercial Bank v. Western Reserve Bank, 11 Ohio, 444; Brandt on Suretyship, § 27. La Farge v. Herter et al., 9 N. Y., 241; Hubbell v. Carpenter, 5 Barb., 520. Shaw, C. J., in delivering the opinion of the court in Carpenter v. King, 9 Met. 511, says, “There is the same reason for admitting evidence aliunde, to show the relations of parties who are joint debtors in a judgment, as in a contract. Prima facie, they are equally as well as jointly liable. Take the common case of a bond, where on the face of it one is principal and the other surety, yet the judgment is 'joint. By the record, apparently, both are principal debtors. If the grounds of the judgment could not be inquired into, so as to rebut the presumption of an equal liability, the surety, in case of paying the judgment, would have no remedy over against his principal for money paid; and in case the principal should pay it, he would have an action against his own surety for contribution. If it can be inquired into, to adjust the relations of the debtors to each other, it can be to determine the relation of the creditor to each debtor} where the fact becomes material to the respective rights.”
If the mortgage of indemnity on “ Inlot 34,” made to Hiram, Day, had remained in force, the property might have been released from the levy thereon without discharging the. surety, as he would not have been thereby injured. But, Hiram Day having cancelled his mortgage, another execution was levied upon “ Inlot 34,” while thus free from the incumbrance, and this levy was released without the surety’s consent, and, as alleged in the amended answer “ at the request ahd procurement of defendants in error ” — ■ Ramey & Company. From these words we cannot infer judicial action, or that the release was made by order of the court, upon motion and hearing, and the existence of such facts as would authorize a release of the levy without discharging the surety. For aught that appears, the *451 “request and procurement” of Ramey'& Company, meant nothing more than an order to the sheriff to release the levy, and proceed against the property of Hiram Day.
In our view, therefore, Ramey & Company by dismissing their second levy upon the property of Oliver Day, the principal debtor, and releasing the property levied on, discharged the surety, Hiram Day, to the extent of the value of the property so released.
It follows, that the judgment of the district court sustaining the demurrer of the plaintiffs to the amended answer of Hiram Day, must be reversed, and the cause remanded to the district court for further proceedings.

Judgment accordingly.