FERGUSON, surviving partner, &c., v. TURNER.

MAY TERM
1842.

1. Mere negligence on the part of the payee in not sueing, or in giving time to the principal debtor, will not discharge the security : but if the payee has a specific lien on the property of the debtor, sufficient to satisfy the debt, and voluntarily surrenders that lien, or loses it by his own negligence, the security will be discharged.

2. A new trial will not be awarded, when it is evident that the party could derive no benefit thereby.

Ferguson
v.
Turner.

7    497
49a 567
50a 119

Error to St. Louis Court of Common Pleas.

CROCKETT for Plaintiff.

SPALDING & TIFFANY, for Defendant.

*Opinion of the Court, delivered by Napton, Judge.*

This was an action brought by Taylor and Ferguson against Turner, as endorser of a negotiable note. The defendant pleaded non assumpsit, and a special plea, alleging that after the maturity of the note, Taylor & Ferguson, by a legal and binding contract with Chambers, the maker of the note, granted an indulgence of four months to the maker, Chambers, without the knowledge or consent of said Turner, and thus legally precluded themselves from coercing the payment of said money from said Chambers. To this plea there was a replication, and issue taken.

The issues were found for the defendant, whereupon the plaintiff applied for a new trial, which was refused. No instructions were asked or given at the trial.

The testimony is preserved by the bill of exceptions, and the first point raised here, has been upon the sufficiency of the notice of dishonor. There is much testimony on this point, but as it seems to the court, that the other point raised is with the defendant in error, it becomes entirely unnecessary to examine the notice of protest. The testimony on this head will not, therefore, be detailed.

The proof under the issue on the special plea was, that Chambers, the maker of the note, having confessed judgment at the July term, 1840, a fieri facias was issued, and placed in the

Mere negligence on the part of the payee in not sueing, or in

giving time to the principal debtor, will not discharge the security: but if the payee has a specific lien on the property of the debtor, sufficient to satisfy the debt, and voluntarily surrenders that lien, or loses it by his own negligence, the security will be discharged.

hands of the sheriff. · Chambers had property subject to this *execution*, amply sufficient to satisfy the judgment. Before the return day, the plaintiff, at the instance of Chambers, directed the writ to be returned unsatisfied, and took a *deed of trust* upon Chambers' property, subject to the execution, to secure the payment of the judgment within four months from the date of the deed.

This deed the plaintiff neglected to have recorded, and in a short time the whole of Chambers' property, including that covered by the deed of trust, was swept away by executions from other quarters.

Mere negligence on the part of the principal in not sueing, or in giving time to the debtor, has never been held to discharge the security. Upon this position the plaintiffs in error rely to reverse the judgment; but the plaintiffs in error, have, according to the testimony, done something more than given time to Chambers. They surrendered a specificlien, by which the debt was perfectly secure, and without consent of the security. Shall they, after such conduct, be permitted to go upon the security? Admitting the deed of trust was a perfect nullity, and so it was for all valuable purposes, they had chosen to sue the debtor, which·they were not obliged to do, and had prosecuted that suit to judgment. Execution had issued, and was in the hands of the sheriff, a lien upon the personal property of the debtor. This lien they voluntarily discharge, without consideration ; this they had no right to do. The security, so soon as the lien of the execution attached, was interested in the retention of that lien, and the discharge of the lien discharged the security.

A new trial will not be awarded when it is evident that the party could derive no benefit thereby

The second plea pleaded by the defendant was not sustained by the proof, and the issue might well have been found for the plaintiffs ; but as the facts proved constituted a good defence, under the general issue, there is no reason for reversing the judgment and allowing a new trial from which the plaintiff in error could derive no benefit.

Judgment affirmed.