Emmet, J.
A judgment for $188.64 was obtained in this case, against the defendants, as joint debtors. They had been partners in business, had quarrelled, and the partnership accounts had not been settled.
The defendant, Duffy, resides in this city ; the defendant) McKeon, in Richmond county.
An execution on the judgment was issued to the sheriff of New York, who levied on the goods of Duffy, and placed a man in charge of them for safe keeping. It does not appear that any inventory was made, but it is not disputed that the property thus levied on was sufficient to have satisfied the execution.
While matters were in this position, Ralph S. Anderton, a *646 friend of Duffy, and at Ms request, purchased and took an assignment of the judgment from the plaintiffs. The application for this assignment to Anderton was made by Duffy, and $100 of the money given for the judgment, was paid by a check of one Lawson Jones, drawn payable to Duffy’s order. The remainder was paid by Anderton’s own check for $93. Anderton swears that he purchased the judgment on his own account, and that he merely borrowed Lawson Jones’s check •from Duffy, and that he afterwards took it up, and returned it to Duffy.
On the 2d of June, Duffy and Anderton went together to Richmond county, filed a transcript of the judgment with the clerk there, delivered a new execution to the sheriff of that county, and directed him to levy on McKeon’s property without delay, which he accordingly did. The exact date of this second levy does not appear, nor is it important.
On the 3d June, the sheriff of New York discharged the keeper, whom he had employed, from the custody of Duffy’s property.
On the 4th, Duffy paid the sheriff of New York, $14.42, for fees of the levy made on his goods, and their safe keeping.
On the 5th, a written consent was obtained from the attorneys for plaintiff, directed to the sheriff of New York, that, on payment of all fees upon the execution, the same might be countermanded ; and, on the same day, a countermand of such execution, signed by Anderton, assignee of the judgment, was directed to the sheriff of New York ; and, on the 9th, the execution, endorsed “ countermanded,” (without date) was returned and filed in the clerk’s office.
The defendant, McKeon, now applies for an order, that the execution, which was issued to the sheriff of New York, be' returned “ satisfied,” and that all proceedings on the judgment, and on any execution issued to the sheriff of Richmond county, be stayed, or for such other relief as he may be entitled to.
It is clear that Anderton, even regarding him as the loná fide assignee of this judgment, stands, in regard to the questions now raised, in precisely the same position that the plaintiffs would have stood in, if no such assignment had been made. He took the judgment, subject to whatever the legal effect of the exe *647 cution and levy on Duffy’s goods may have been; and whether the countermand of that execution, and the waiver of that levy, were his acts, or the acts of the plaintiffs, is wholly immaterial. It will simplify the consideration of this point, therefore, to throw the assignment out of view, and regard this transaction as if-the plaintiffs themselves had been the sole actors in it. The question, then, would be simply this—Can a judgment creditor of two joint debtors, having already issued an execution, and levied upon sufficient property of one of the debtors, countermand and abandon that levy, for the express purpose of levying for the whole debt, under a second execution, upon the individual property of the other debtor %
It is perfectly well settled in this state, that a levy on sufficient personal property to pay the debt, does not always satisfy the judgment (Green v. Burke, 23 Wend. 490; Ostrander v. Walter, 2 Hill, 329; The People v. Hopson, 1 Denio, 574). In the latter case, Judge Bbonsoit emphatically says, “ If the broad ground has not yet been taken, it is time it should be asserted, that a mere levy upon sufficient personal property, without anything more, never amounts to a satisfaction of the judgmentand he reiterates this proposition in these words : “ without something more than a mere levy, the judgment is not extinguished.” This general proposition plainly admits, however, that a levy on sufficient property may, under certain circumstances, be a satisfaction of the judgment; and in the case of Green v. Burke, above referred to, where Justice Cowen gave the subject a very full and elaborate discussion, while the same general proposition was decided, that a levy under an execution against sufficient property, was not, per se, a satisfaction of the judgment, it was thus qualified: “ that if the levy fail to produce satisfaction in fact, without any fault of the plaintiff, he may proceed to obtain execution of the judgment.” How, as a corollary from this, it would seem to follow, that, if it was the fault of the plaintiff, that the levy did not produce satisfaction in fact, he may not proceed otherwise to obtain such satisfaction.
We must assume that the levy in this case, made by the sheriff of New York, would not have failed to satisfy the execution and judgment, if that sheriff had been allowed to *648 proceed, and sell under it. That result was defeated by the plaintiffs’ own act, and it was their fault, therefore, that the levy failed to produce satisfaction. This brings the case clearly within the principle of that decision, and the principle itself is so obviously founded in justice, that its soundness can hardly be questioned.
But this application rests upon stronger grounds than the mere interference of the plaintiffs, or of Anderton, their assignee, to prevent the first levy from being effectual. The presumption is strong, upon the facts, that, if Duffy was not the real purchaser of the judgment, it was, at all events, purchased at his suggestion and request, for the express purpose of screening him from the payment of any part of it, and of enforcing it exclusively against his co-defendant. Ho court, exercising equitable powers, should permit such an attempt to be successful. The primary equity of the case, while the partnership accounts between the defendants remain unsettled, is, that each should pay one-half of this judgment; but as the case is not now before the court in a shape for such an adjustment, the relief, on this motion, must be by an order, that the execution issued to the sheriff of this county be returned satisfied, as of the day when it was countermanded, and that all subsequent proceedings on the judgment be set aside. The plaintiffs have been paid, and the defendant, Duffy, will, no doubt, save Hr. Anderton harmless, from the loss of any money which he may have paid or advanced for the purchase of the judgment. Ho costs are allowed to either party on this motion.
This decision was affirmed at General Term.