HARVEY YOUNG, EXECUTOR OF J. THOMAS, deceased, Appellant, *v.* G. W. CLEVELAND, Respondent.

*Execution—Levy.*—A levy of an execution upon personal property, if the property be restored to the defendant, is not a satisfaction in law of the judgment.

*Principal and Surety.*—Where the creditor obtained from the principal debtor a security, which he discharged upon receiving from the debtor one more valuable, which could not have been reached at law, the surety is not thereby released.

*Appeal from Ste. Genevieve Circuit Court.*

*J. G. Beal,* for appellant.

I. The court below committed error in declaring the law to be, that the giving up the property, levied on as William Cleveland's, by the constable, operated as a release to the defendant (respondent) to the amount of the value of the same. The property so levied on was, by an arrangement between appellant and said William Cleveland, exchanged for the interest of the wife of Cleveland in the estate of her father, Obadiah Scott. (Marshall v. Morris, 13 Geo. 185.)

II. The limitations opposed no bar. This respondent resided in Kentucky at the time the note was given till within two years before the bringing of this suit. (2 vol. Stat. 1049, § 12, and authority, 1855.)

III. The motion to dismiss the cause from the Circuit Court should have been sustained. It had no jurisdiction of the case.

DRYDEN, Judge, delivered the opinion of the court.

This is a suit brought before a justice of the peace, by Young, against George W. Cleveland, on a note made by the defendant, Wm. Cleveland and Dudley Horn, for two hundred and five dollars and thirty-seven and a half cents, payable to the plaintiff's testator, on which several partial payments had been made, reducing the demand to a sum within the jurisdiction of a justice of the peace. The case was tried before the justice and taken to the Circuit Court, where, upon a trial anew, after the plaintiff had read the note, the defendant proved that he and Horn were merely the securities of William Cleveland; that after the note became due, Wm.

Cleveland, the principal debtor, confessed a judgment before a justice of the peace, in favor of the plaintiff, for the balance due on the note; that the plaintiff took execution and caused it to be levied on personal property of said William, of the value of about $90; that before the sale of it under the execution, an agreement was made between the parties whereby the said William gave to the plaintiff an order for his (said William's) wife's interest in the estate of her father, of the value of $100, in lieu of the property levied on, and the plaintiff thereupon caused the levy to be discharged and the property to be restored to said William.

The Circuit Court held that the defendant was entitled in his defence to the benefit as well of the value of the property levied and restored ($90) as to the proceeds of the order, $100; and, the two sums exceeding in amount the unpaid balance on the note, found a verdict for the defendant. Upon what principle the value of the property levied on is, under the circumstances of the case, made to discharge any part of the debt, is not easy to see. If it be said a levy on personal property is a satisfaction of the judgment, it is replied, it is so only conditionally; that where the property is restored to the possession of the defendant, it is not a satisfaction in law of the judgment. (4 Smedes & Marshall, 135; 10 Smedes & Marshall, 35; 13 Georgia, 187.)

[Here the property was returned to the owner.]

Nor is there any ground of defence in the assumption that the plaintiff, the creditor, has parted with a security from the principal debtor to the prejudice of the defendant, a surety, (1 Story, Eq. Juris. 322,) for the reason that the security was surrendered in lieu of property of greater value, which could not have been reached by legal process, and which was thus applied in extinguishment of the debt *pro tanto*. The discharge of the levy was beneficial—not injurious—to the defendant. The Circuit Court committed error in its declaration of the law, and for this cause its judgment is reversed and the cause remanded for a new trial; the other judges concurring.