Hyde vs. Rogers, Sheriff, etc., and others.

*October 8, 1883 — January 8, 1884.*

EXECUTION: SURETYSHIP. *(1) Levy on property of one joint debtor. (2) Mere seizure not a satisfaction. (3) When release of property seized discharges surety.*

1. A judgment creditor having a judgment against several defendants may direct the officer holding the execution to make the amount thereof out of the property of such of the defendants as he may see fit to proceed against.
2. The mere seizure of the property of one of such defendants does not pay or satisfy the judgment, and if the property seized is released and returned to the possession of the owner at his request, he can-

not set up such seizure as a payment or satisfaction of the judgment.

3. But where one of the defendants stands as surety for the others or some of them, the judgment creditor, if he knows that fact, cannot voluntarily release the property of the principal debtors which has been seized upon the execution and then resort to the property of the surety. Such a release works an extension of the time of payment to the principal debtors, and the surety is thereby discharged

APPEAL from the Circuit Court for *Waupaca* County.

The case is thus stated by Mr. Justice TAYLOR:

"This action is brought by the appellant to restrain the sheriff of Outagamie county from seizing and selling his property to satisfy an execution in his hands, issued out of the circuit court of Waupaca county, upon a judgment rendered in favor of the Union National Bank of Streator, Illinois, against the appellant and *F. M. Brown, Isaac Brown,* and *Anna A. Brown,* for the sum of $613.44. The allegations in the complaint are, in substance, that the appellant, some time before the obtaining of the judgment in question, made a promissory note payable to the order of F. M. Brown & Co., and that said note was afterwards indorsed by said F. M. Brown & Co., and one Plumb, and sold to the Union National Bank of Streator, Illinois; that the note not being paid when due, an action was brought thereon in the circuit court of Waupaca county, and judgment for the amount thereof was obtained against all the parties. It is further alleged that the defendants *F. M. Brown, Isaac Brown,* and *Anna A. Brown* are members of and compose the firm of F. M. Brown & Co.; that after judgment was perfected upon said note, execution was issued thereon to the sheriff of Waupaca county, and that said sheriff levied upon property of the said F. M. Brown & Co. of sufficient value to satisfy the same; that after such levy, and before sale, the said F. M. Brown & Co. paid the plaintiff bank the full amount of the judgment, but that for the

purpose of defrauding the appellant they directed the sheriff of Waupaca county to return the execution wholly unsatisfied, and for the same purpose procured the plaintiff bank to assign the judgment to *F. M. Brown, Jr.*, he being a clerk in the employ of F. M. Brown & Co. The complaint also alleges that the appellant, *Hyde*, made and executed said note as an accommodation note for said F. M. Brown & Co., and without any consideration received from them, and for the sole purpose of enabling the said F. M. Brown & Co. to raise money on the same for their own purposes by the negotiation thereof. It then alleges the issuing of a second execution on said judgment, directed to the defendant *Rogers*, sheriff of Outagamie county, and that the sheriff threatens to seize his property to satisfy said execution.

"The relief asked is (1) that the judgment be declared fully satisfied, paid, and discharged; (2) that all the defendants be perpetually enjoined from collecting any part of such judgment out of the property of the appellant; and (3) that a temporary injunction restraining all the defendants from collecting such judgment or any part thereof out of the property of the appellant be issued during the pendency of this action.

"The answer denies all the material allegations of the complaint; denies that the judgment or any part of it has been paid by the defendants or any of them; denies that any property belonging to the firm of F. M. Brown & Co. was ever seized upon by the sheriff of Waupaca county upon the first execution issued on the judgment; alleges that the plaintiff bank, for a valuable consideration paid by the said *F. M. Brown, Jr.*, assigned said judgment to him, and that he now owns the same; that the sheriff of Waupaca county was directed by the plaintiff in that action to release the property levied upon by virtue of the execution in his hands, and return the same unsatisfied; that he did so in pursuance of such direction, and that after the assign-

ment of the judgment to *Mr. F. M. Brown, Jr.*, he caused the second execution to be issued thereon, directed to *Rogers*, sheriff of Outagamie county, with directions to make the amount thereof out of the property of the appellant, if sufficient could be found in his county for that purpose. The answer denies that the appellant made the note in question for the accommodation of F. M. Brown & Co., and alleges that it was made for his own benefit, and that the firm of F. M. Brown & Co. were not liable to pay any part thereof as between the appellant and said firm; in fact, claiming that the firm indorsed the note for the accommodation of the appellant.

"The court found the following facts: 1. That the defendant *Isaac Brown*, at the time mentioned in the complaint and answer herein, was not a member of the firm of F. M. Brown & Co.; that said firm was composed of the defendants *F. M. Brown* and *Anna A. Brown*. 2. That the defendant *F. M. Brown, Jr.*, at the times mentioned in the complaint and answer herein, did not have the care and management of the financial affairs of said firm of F. M. Brown & Co., and had no control over the business or affairs of said firm. 3. That on the 17th day of January, 1882, judgment was rendered in favor of the Union National Bank of Streator, Illinois, and against *Welcome Hyde, F. M. Brown, Isaac Brown, Anna A. Brown,* and Samuel Plumb, for $613.44, as alleged in the complaint herein. 4. That thereafter execution was issued on said judgment, and placed in the hands of the sheriff of Waupaca county, and that said sheriff levied upon certain personal property by virtue thereof. 5. That the property so levied upon was not the property of the firm of F. M. Brown & Co., nor of any of the defendants in the judgment mentioned in the third finding. 6. That thereafter, and by direction of the said Union National Bank of Streator, Illinois, the said sheriff of Waupaca county released his levy upon said personal property.

7. That on or about February 2, 1882, the said Union Na-
tional Bank, plaintiff in said action, duly assigned said judg-
ment to the defendant *F. M. Brown, Jr.*   8. That at the
time of said assignment the sheriff of Waupaca county held
no property of the defendants, or either or any of them,
under an execution issued on said judgment.   9. That no
beneficial interest or consideration was ever received by the
defendants herein, or any or either of them, for or on ac-
count of the note upon which said judgment was based, or
the indebtedness represented by said note."

From a judgment dismissing the complaint the plaintiff
appealed.

For the appellant there was a brief by *Barnes & Goodland,*
and oral argument by *Mr. Goodland.*

For the respondent there was a brief by *G. W. Cate* and
*Weed & Lines,* and oral argument by *Mr. Lines.*

The following opinion was filed October 23, 1883:

TAYLOR, J.   It is evident that upon the findings of fact
the plaintiff was not entitled to the relief demanded in his
complaint.   In order to entitle the plaintiff to the relief de-
manded in his complaint, it was necessary for him to show
either that the judgment had been in fact paid and satisfied
by the other defendants, or by some of them, or that he
stood in the relation of surety on the note upon which the
judgment was rendered, for the other defendants in the
judgment or some of them, and that such fact was known
to the plaintiff; that, knowing such fact, he had issued an
execution upon the judgment, and such execution had been
levied upon sufficient property of the other defendants, to-
wards whom the plaintiff held the relation of surety, to
satisfy the same, and that, after such levy having been made,
he released such property so levied upon and ordered the
execution returned unsatisfied.

It is a well-settled rule that the judgment creditor, having

a judgment against several defendants, may direct the officer holding the execution to make the amount of the same out of the property of such of the defendants as he may see fit to proceed against. *Smith v. Erwin*, 77 N. Y., 466; *Root v. Wagner*, 30 N. Y., 17; *Walters v. Sykes*, 22 Wend., 566; *Gorham v. Gale*, 7 Cow., 739; *Corning v. Southland*, 3 Hill, 552; Crocker on Sheriffs, sec. 407; Freeman on Executions, sec. 271; Herman on Executions, 209–10. Of this rule the defendants, who, as between themselves, are equally bound to pay the debt, cannot complain. As between them and the judgment creditor each is bound to pay the whole debt, and it is no ground for complaint that the creditor may see fit to collect the debt out of the property of one and not out of the property of another. The mere seizure of the property of one of such defendants does not pay or satisfy the judgment, and if the property seized is released and returned to the possession of the owner at his request, it is clear that he cannot set up such seizure as a payment or satisfaction of the judgment. Freeman on Judgm., sec. 475; Herman on Executions, 253–257; Smith on Sheriffs, 340, 341, and notes; Crocker on Sheriffs, sec. 432; *People v. Hopson*, 1 Denio, 574; *Peck v. Tiffany*, 2 N. Y., 451; *U. S. v. Dashiel*, 3 Wall., 688.

An exception to this rule is made in favor of a defendant who stands as surety for the other defendants or some of them; and when such fact is known to the judgment creditor, and the property of the defendants, who, as principal debtors, ought to pay the debt, has been seized upon the execution, he cannot voluntarily release such levy and then resort to the property of the surety. In analogy to the rule which releases the surety by an extension of time of payment to the principal debtor, the release of such levy works as an extension of time of payment to such principal debtor, and the surety is thereby released; and the other rule which prohibits the creditor from releasing any security he

may have in his hands received from the principal debtor, without the consent of the surety. *Farmers & Mechanics' Bank v. Kingsley*, 2 Douglas (Mich.), 379, 402, 403; *Mulford v. Estudillo*, 23 Cal., 94; *People v. Chisholm*, 8 Cal., 30; *Finley v. King*, 1 Head, 123; Herman on Executions, 255, sec. 176; Herman on Judgm., 501, sec. 475; *Howerton v. Sprague*, 64 N. C., 451; *State Bank v. Edwards*, 20 Ala., 512; *Dixon v. Ewing's Adm'r*, 3 Ohio, 280; *Comm. Bank v. Western Reserve Bank*, 11 Ohio, 444; *Phares v. Barbour*, 49 Ill., 370; *Thomas's Ex'r v. Cleveland*, 33 Mo., 126; *Mayhew v. Crickett*, 2 Swanst. Ch., 185.

The court has failed to find that the appellant stands in the relation of surety to the other defendants. This fact lies at the foundation of the plaintiff's claim to be released from the payment of the judgment. The appellant did not ask for a finding in the court below, in his favor upon that point. He contented himself with excepting to the findings made by the court, but made no request for any other findings. It is doubtful, therefore, whether on this appeal we ought to look into the evidence for the purpose of ascertaining whether such fact was proved. Nor is there any finding that the judgment was paid by the other defendants. There is nothing in the findings which can be made the basis for a judgment in his favor.

If we look into the evidence contained in the record, we are unable to say that the preponderance of evidence shows that the appellant was the surety of the other defendants, nor that the judgment was paid by the other defendants; nor is there any evidence tending to show that the plaintiff bank had any knowledge that the appellant was an accommodation maker of the note upon which the judgment was rendered.

Whether the property levied upon by virtue of the first execution was the property of the firm of F. M. Brown & Co. is, as the case now stands, wholly immaterial. If the

plaintiff's rights in this case depended upon that finding, we might be inclined to overrule the finding of the learned circuit judge upon that point.

The finding that the defendant *Isaac Brown* was not a member of the firm of F. M. Brown & Co., for the purposes of this action was probably a mistake, as the judgment was obtained against him as a member of such firm, and he cannot in this action dispute that judgment. These mistakes of the learned circuit judge — if they are mistakes — do not help the appellant's case. Admitting that they were both fairly established by the evidence, still the judgment of the circuit court dismissing the complaint was right, and must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.

Upon a motion for rehearing it was contended, on behalf of the appellant, that the rule that a judgment creditor may direct the officer holding the execution to make the amount thereof out of the property of such of the defendants as he may see fit, is not applicable to this case. *After levy* upon the property of one joint debtor a creditor cannot countermand the levy so as to seize the property of the other debtor. So far as the rights of third persons are concerned, the levy upon goods is a satisfaction to the extent of their value, unless the plaintiff is deprived of the benefit of his levy without any fault of his. Herman on Executions, secs. 171, 176; Freeman on Judgments, sec. 475; *Lyon v. Hampton*, 20 Pa. St., 46; *Cathcart's Appeal*, 13 id., 422; *Dean v. Patton*, 13 Serg. & R., 345; *Smith v. Hughes*, 24 Ill., 270; *McIntosh v. Chew*, 1 Blackf., 289; *Stewart v. Nunemaker*, 2 Ind., 47; *Law v. Smith*, 4 id., 56; *Barrett v. Thompson*, 5 id., 457; *Lindley v. Kelley*, 42 id., 294; *Frank v. Brasket*, 44 id., 92; *Ex parte Lawrence*, 4 Cow., 417; *Green v. Burke*, 23 Wend., 501. The general rule is applied to sureties in *F.*

Morrison vs. The Wisconsin Odd Fellows' Mutual Life Ins. Co.

*& M. Bank v. Kingsley*, 2 Doug. (Mich.), 379; *Mulford v. Estudillo*, 23 Cal., 94; *Finley v. King*, 1 Head, 123; *Dixon v. Ewing's Adm'r*, 3 Ohio, 280; *Comm. Bank v. W. R. Bank*, 11 id., 444; *Ferguson v. Turner*, 7 Mo., 497; *Smith v. Rice*, 27 id., 505; *Bank v. Rogers*, 13 Minn., 407; to subsequent judgment creditors in *Hunt v. Breading*, 12 Serg. & R., 37; and to a principal, where the goods of his surety had been levied upon and released, in *People v. Chisholm*, 8 Cal., 30; *Kershaw v. Merchants' Bank*, 7 How. (Miss.), 386. See, also, *McChain v. McKeon*, 2 Duer, 645. And there is no authority for limiting the application of the rule to such co-defendants as are sureties. The defeated party has nothing to do with the findings but to except to them after they are made and filed. If the question of suretyship is material in this case, the fact that it was not covered by the findings and not passed upon by the trial court ought to be a sufficient reason for reversing the judgment and remanding the cause for a new trial.

The motion was denied January 8, 1884.