CITY OF WARRENSBURG, Respondent, **v.** ROBERT SIMPSON ET AL. Appellant.

### Kansas City Court of Appeals, June 28, 1886.

1. JUDGMENT, DISCHARGE OF—PROPERTY, RESTORED TO THE OWNER— CASE ADJUDGED.—When sufficient personal property of a defendant in an execution is levied upon, it operates as a satisfaction, if *nothing more appears;* but when it is restored to the debtor there is no satisfaction.    If. after levy upon sufficient personal property, the court orders that the judgment be not enforced, the order releases the *levy,* but does not discharge the judgment.    Neither is the taking of defendant's body and his imprisonment a discharge of the judgment; one object of the imprisonment, in this sort of case, is to compel payment of the fine. Sects. 4992, Rev. Stat.

2. PRACTICE—COSTS—MODE OF CORRECTING WRONG ITEMS.—In case of a claim that some of the items taxed as costs are improper, the proper mode of relief, in such case, would be a motion to re-tax costs.    The execution should not be quashed on account of a misconception by the clerk in including in the amount thereof some improper item.

Appeal from Johnson Criminal Court, Hon. John E. Ryland, Judge.

*Affirmed.*

Statement of case by the court.

Robert Simpson was convicted before the mayor of Warrensburg and fined one dollar and costs. From this conviction he appealed to the Johnson county criminal court, and gave his co-defendants R. M. Robertson and Adolph Spiess, as sureties. On a trial anew, in the appellate court, he was again convicted and fined five dollars and costs. On motion of the prosecuting attorney of the city, the court ordered the clerk to issue an execution in term time, on this judgment against defendant Simpson and his sureties, which was done. Under this execution the sheriff made what he called a levy on the property of defendant Robertson. He never took possession of the property nor exercised any acts of ownership over it. He says "I did not remove the property from Robertson's office. I told Robertson the levy was not good until I moved the property or took a delivery bond, neither of which was ever done. I didn't take the property out of Robertson's possession." During the term at which it was issued, the court, of its own motion, recalled this first execution on account of some irregularity in it. When this execution was recalled the sheriff left the property in Robertson's possession. At the time the court called in the first execution, it made an order for an *alias*, or *capias* execution, to issue under section 2064, Revised Statutes. This execution was duly issued, and, under it, the sheriff made the levy under consideration. In taxing costs the clerk taxed in favor of the city attorney the two dollars and fifty cents allowed for a conviction before the mayor, and also five dollars, allowed by the ordinance of 1874, for a conviction in the appellate court. Defendants applied to the

court in vacation and obtained a stay of this execution until the May term, 1885, of the court below, at which time the stay was set aside on motion of plaintiff's attorney. Defendants never made any motion to re-tax the costs. At the time Warrensburg became a city of the fourth class, there was an ordinance in force allowing the city attorney a fee of five dollars on a conviction in case of an appeal from the mayor's court, which has never been expressly repealed.   After it became a city of the fourth class, an ordinance was passed allowing the city attorney a fee of two dollars and fifty cents for a conviction before the mayor.

The second execution, now sought to be quashed, was issued at the instance of plaintiff, but before its issuance defendant appears to have been confined in jail, yet the first execution under which he was confined, if he was confined under any process, was only an ordinary *fieri facias;* for the order of court calling it in so terms it and orders a *capias* execution. The *capias* execution, now under consideration, commanded the goods and chattels of defendant Simpson to be first taken, if sufficient could be found, and if not, then the goods and chattels of the defendant's sureties, and if no property could be found of either Simpson or his sureties, then Simpson was to be confined in jail.   Under this last execution the sheriff levied upon personal property of one of defendant's sureties, and, as before stated, the defendants obtained a stay thereof by order of the judge, under sections 2405 and 2406, Revised Statutes, which stay was set aside and defendants appeal.

SAMUEL P. SPARKS, for the appellant.

I.   The *second* execution was void, because the proceeding had under the *first* execution was a *satisfaction* of the judgment; *first,* by taking the body of defendant and confining him in jail; *second,* by levying upon sufficient personal property of defendant Robertson to satisfy same. *Blair v. Caldwell,* 3 Mo. 354; *Moss v.*

*Craft*, 10 Mo. 720 ; *Thomas v. Cleveland*, 33 Mo. 126 ; *State ex rel. Colvin v. Six*, 80 Mo. 61 ; Freeman on Judgments, sect. 475 ; Herman on Ex., sect. 176.

II.   Plaintiff, after defendant Simpson had been imprisoned and sufficient personal property levied upon, of its own motion, voluntarily caused Simpson to be discharged and the levy released by causing the execution to be quashed.   This was satisfaction, in law, of the *judgment.   State ex rel. Colvin v. Six, supra.*   Nor can plaintiff be heard to say that there was no *levy* on the personal property of Robertson, because the officer did not see fit to take it in his *manual* possession.   *Anthony v. Bartholow*, 69 Mo. 186.   And the return of the sheriff on the *first* execution cannot be contradicted, nor collaterally assailed.   It is binding and conclusive on the parties to the execution, except in an action upon the bond of the sheriff for a false return.   *Anthony case, supra.*

III.   The taxing of fees in favor of the city attorney was unauthorized and erroneous.   He was only entitled to one-third of the amount taxed by the present ordinances.   Ordinances, 1874, ch. 1, sects. 6 and 7.

JOHN M. CRUTCHFIELD, for the respondent.

I.   A levy of an execution upon personal property, if the property be restored to the defendant, is not a satisfaction of the judgment.   See authorities cited by appellant under his first proposition, especially *Thomas v. Cleveland*, 33 Mo. 126.

II.   Defendant Simpson could not have been legally imprisoned until after an execution was issued and the sheriff had failed to find any property belonging to either him or his sureties.   Sect. 2064, Rev. Stat. Even if he had been properly imprisoned, this, of itself, would not pay the judgment, unless his fine had been commuted to imprisonment, or he had been discharged under chapter twenty-five, p., 343Revised Sta;tutes and

even then it would not pay the cost. Sect. 2091, Rev. Stat:

III. The ordinance allowing the city attorney a fee of five dollars, on conviction in the appellate court, in case of appeal from the mayor's court, was not abrogated when Warrensburg became a city of the *fourth class*. Sect. 4932, Rev. Stat. Nor do the subsequent ordinances repeal the former ones on this subject. But even if the cost is illegally taxed this would not be a ground for quashing the execution. The remedy is by motion to have the cost re-taxed. Sect. 1011, Rev. Stat.

IV. Cause for quashing an execution may depend upon the regularity of the proceedings, or some equity that has arisen between the parties since the rendition of the judgment. Whittelsey on Practice, 565.

ELLISON, J.—I. The point is made by defendant that the alleged levy made by the sheriff under the first execution discharged the judgment. Conceding a levy was made, yet, under the undisputed facts in this case, the judgment was not discharged, for the property was restored to the owner. It is true that when sufficient personal property of a defendant in an execution, is levied upon it operates as a satisfaction, if nothing more appears, but when it is restored to the debtor there is no satisfaction. *State ex rel. Colvin v. Six*, 80 Mo. 61 ; *Thomas, Ex'r, v. Cleveland*, 33 Mo. 126. " If after levy upon sufficient personal property the court orders that the judgment be not enforced, the order releases the levy, but does not discharge the judgment." 80 Mo. *supra.*

II. Defendant's next point is that the taking of his body and his imprisonment was a discharge of the judgment against himself and his sureties. I am not aware of any law supporting this contention. One object of the imprisonment, in this sort of case, is to compel payment of the fine. Sect. 4992, Rev. Stat.

III.   The next point relied upon is that an attorney's fee of two dollars and fifty cents for conviction before the mayor, and five dollars for conviction on appeal to the criminal court, should not be taxed as costs.

As to this, it would be sufficient to say that the proper mode of relief in such case would be a motion to re-tax costs.

The execution should not be quashed on account of a misconception by the clerk in including in the amount thereof some improper item.

However, I am of the opinion the fees, as charged herein, are properly due the city attorney.   When Warrensburg organized, under the statute, as a city of the fourth class, it had then in force an ordinance allowing the attorney two dollars and fifty cents fee for conviction before the mayor and, by separate section, five dollars for conviction on appeal.

Subsequent to this organization the council passed an ordinance in relation to fees of city attorney, in which he is allowed one hundred dollars per annum, and "for every case of conviction before the mayor, the sum of two dollars and fifty cents." Said council likewise passed an ordinance repealing "all ordinances heretofore passed, which are in any way inconsistent herewith."

The latter ordinance, providing for a salary of one hundred dollars and fee of two dollars and fifty cents for conviction before the *mayor*, is not inconsistent with section seven, of the old ordinance, providing for a fee of five dollars for conviction before the *appellate* court.

We discover no error justifying a reversal and the judgment is, therefore, with the concurrence of the other judges, affirmed.