CASPER WEBER, Appellant, v. GEORGE W. CUMMINGS, Respondent.

Kansas City Court of Appeals, March 3, 1890.

1. **Justices' Courts:** CHANGE OF VENUE BEFORE RETURN DAY. A change of venue may be granted by a justice of the peace before the return day of the summons, where such change is granted in the presence of both parties.

2. **Execution:** EFFECT OF RESTORING PROPERTY LEVIED UPON. A valid levy on sufficient personal property will operate as a satisfaction of the execution, nothing further appearing; but, if the property levied upon is given up and restored to the owner, such fact will take the case from under this rule, so far, at least, as his rights are concerned.

Weber v. Cummings.

3. **Replevin:** AFFIDAVIT: EXECUTION: TRESPASS. The question, whether the word "execution," required by the statute in the affidavit for replevin, means a "valid execution," and, therefore, whether replevin, instead of trespass, should be resorted to, is not necessary to be considered in this case.

*Appeal from Carroll Circuit Court.*—Hon. J. M. Davis, Judge.

AFFIRMED.

*Hale & Sons,* for the appellant.

(1) Justices of the peace can only act in the manner, and at the time, authorized by law. It has been held that a justice of the peace cannot make a *nunc pro tunc* entry. *Norton v. Porter,* 63 Mo. 345. (2) The third declaration of law asked by appellant should have been given. It declares that, "if the corn seized under the first levy was of sufficient value to satisfy the execution, the subsequent, or pretended, levy was unauthorized." *Blair v. Caldwell,* 3 Mo. 354; *Moss v. Craft,* 10 Mo. 720; *Williams v. Boyce,* 11 Mo. 537; *Blackburn v. Jackson,* 26 Mo. 308; *Thomas v. Cleveland,* 33 Mo. 126; *Hombs v. Corbin,* 20 Mo. App. 497; *City of Warrensburg v. Simpson,* 22 Mo. App. 695; *Hess v. Powell,* 29 Mo. App. 411; *State ex rel. v. Lix,* 80 Mo. 61. The fifth declaration of law asked by the appellant correctly states the law. (3) The point may be made that, under the fourth clause of section 3844, Revised Statutes, 1879, in relation to replevin, that this action will not be against the officer, part of the affidavit required of plaintiff being that the property levied on "has not been seized under any process, execution or attachment against the property of the plaintiff." This, of course, means a valid execution.

*Morton Jourdan*, for the respondent.

(1) The proceedings before justices of the peace, Booker and Farrington, were regular and legal. The only questionable act of either justice was the act of Booker in granting the change of venue asked and prayed for by appellant, Casper Weber. This was done in the presence,.and with the approval and consent (implied) of both Forrester, the plaintiff, and Weber, the defendant. There is no law or reason why the change could not be granted at this time. The law fixes no specific time for such action. If error was committed by Justice Booker in granting said change, it was at the instance, request, and on the invitation of defendant there, appellant here, he must abide by it and cannot be permitted to find fault with the justice for an act, the commission of which he invited. *Bybee v. Irons*, 33 Mo. App. 662; *Gale v. Ins. Co.*, 33 Mo. App. 677; *Loomis v. Railroad*, 17 Mo. App. 353; *Holures v. Braidwood*, 82 Mo. 616; *Vivian v. Railroad*, 33 Mo. App. 589; *Hazel v. Bank*, 95 Mo. 60.   (2) The proceedings of Constable Cummings were regular and legal in their entirety. There is, therefore, no satisfaction, it having been restored to the debtor. *Warrens, burg v. Simpson*, 22 Mo. App. 699; *State ex rel. v. Lix*, 80 Mo. 61; also *Thomas, Ex'r, v. Cleveland*, 33 Mo. 126; Herman on Executions, 247; Wells on Replevin, 243-5. (3) We further submit, the possession of the property by the constable placed it in the custody of the law, and it was not then subject to the levy by writ of replevin. Drake on Attachments, secs. 251-267; Freeman on Executions, secs. 139-140; *Bank v. Owen*, 79 Mo. 431; *Fleming v. Clark*, 22 Mo. 221. Nor can this action in replevin be maintained against the defendant constable, the affidavit required of plaintiff being that the property levied upon " * * * has not been seized under any process, execution or attachment against the

property of the plaintiff." R. S. 1879, sec. 3844. If the judgment or the execution is void, plaintiff's remedy against defendant is for trespass and not in replevin.

ELLISON, J.—This action is replevin for one horse. Defendant had judgment below. Defendant. claims possession of the horse as constable by virtue of an execution against plaintiff from a justice of the peace. One Forrester sued plaintiff from a justice of the peace; plaintiff, before return day, appeared before such justice and applied for a change of venue. The justice's docket is as follows:

"May 12, 1887.

"And now comes defendant by his attorneys, Hale & Sons, and files sworn affidavit that the people of this neighborhood are so prejudiced toward him that he could not get justice done him, and asks the court to grant him a change of venue. The change is granted in presence of both parties and the cause of action is removed to the township of Egypt, in Carroll county, state of Missouri, before J. Farrington, justice of said township."

Plaintiff appeared before the justice to whom the cause was sent for the purpose only of filing a motion to dismiss for the alleged reason that the justice granting the change had no authority to do so until return day of the summons. This motion was overruled, and plaintiff herein making no further appearance judgment was rendered against him. On this judgment execution was issued and levied upon sufficient corn of plaintiff's to satisfy the execution. A sale of the corn under the execution was set aside and the corn restored to plaintiff, as is shown by the constable's return and his oral testimony, and nothing is shown to contradict this. Another execution was issued (a duplicate of the first) and, under this, the property here replevined was taken.

We can see no objection to the justice granting the change of venue asked by defendant in that case (plaintiff here). It seems to have been regularly asked for and properly granted. We are not aware of any reason why a change of venue cannot be granted before return day of the summons. R. S. 1879, sec. 2952.

Plaintiff contends that the levy upon the corn was a satisfaction of the execution. It is true, that a valid levy on sufficient personal property will operate as a satisfaction of the execution, nothing further appearing. *City of Warrensburg v. Simpson*, 22 Mo. App. 695. But, if the property levied upon is given up and restored to the owner, such fact will take the case from under this rule. "The restoration of the property to the defendant at his request, or by some act for which he is responsible, prevents the levy from operating as a satisfaction, so far, at least, as his rights are concerned." Freeman on Judgment, sec. 475; Herman on Ex., sec. 176.

In this case, the levy had been proceeded with so far as the sale of the corn, but this sale was set aside for want of proper notice, and defendant in the execution (plaintiff here) kept the property. This, under the rule stated, prevented a satisfaction of the judgment or execution.

It is, however, insisted that, notwithstanding the sale was set aside, this did not destroy the validity of the levy and that the constable should have proceeded to re-advertise and sell the corn. Of this, we think, plaintiff cannot complain, as he made himself a party to the release of the levy of the corn by accepting of its restoration to him after the sale was set aside.

Plaintiff's affidavit stated, as required by section 3844, Revised Statutes, 1879, that the property "has not been seized under any process, execution or attachment against the property of the plaintiff," while the proof is that it was seized under an execution against

him.   To avoid this, plaintiff argues that the statute means a *valid* execution, and that he may resort to replevin instead of trespass in such case.   In the disposition we have made of the case, it is not necessary to consider this question.

Our opinion is that, under the record as presented here, the circuit court could not properly have rendered any other judgment than the one entered, and it is, therefore, affirmed.   All concur.