WILBER F. WILLS, Appellee, v. MARTIN NEILAN, Appellant.

**Criminal Law:** PRACTICE: APPLICATION OF MONEY DEPOSITED IN LIEU OF BAIL BOND TO PAY FINE. One charged with a criminal offense before a police judge gave a certificate of deposit in lieu of an appearance bond, and, upon the trial, he appeared, and was found guilty as charged, and was adjudged to pay a fine of ten dollars, or to be imprisoned in the city jail for three days. At the same time the judge ordered that ten dollars of the certificate be applied on the fine, and that the balance be returned to him, but the accused preferred to serve the jail part of the sentence. *Held*, that the election to be imprisoned was no bar to the judge's right to enforce the collection of the fine out of the certificate, and that the judge was not liable in an action in detinue for the recovery of the certificate.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

THURSDAY, MAY 25, 1893.

ACTION in detinue to recover a certain certificate of deposit for thirty-five dollars. Judgment was entered for the plaintiff. The defendant appeals.

The amount in controversy being less than one hundred dollars, the appeal is upon a certificate of the trial judge, as follows: "Wilber F. Wills v. Martin Neilan, as Police Judge of Sioux City, Iowa.

"The undersigned, judge of said court, hereby certifies that the above case involves the determination of a question of law upon which it is desirable to have the opinion of the supreme court. On the seventeenth day of January, 1891, Wilber F. Wills was arrested for frequenting a bawdy house within the limits of Sioux City, Iowa. He gave bond for his appearance in the police court before the defendant, as judge, on January 19, 1891, and delivered, as part of said bond, a certificate of deposit amounting to thirty-five dollars. That the said Wills appeared in said court on the nineteenth day of January, 1891, and was adjudged guilty of frequenting a bawdy house, and fined ten dollars, or three days in the city jail, and the said Wills elected to take the jail part of the sentence, and the court orally ordered, at the time of rendering the judgment, that ten dollars of the certificate be applied on the fine, and the balance of said certificate be returned to said Wills, and he be released, said oral order not being entered of record until some five days afterwards, and more than three days thereafter. That said Wills was never imprisoned, but brought an action in detinue against the defendant in justice's court for the whole of said certificate of deposit. The justice held that the said Wills was entitled to the possession of the whole of said certificate of deposit, and rendered judgment against the defendant for thirty-five dollars or the return of the certificate. From that decision the defendant appealed to the district court, where the decision of the justice was affirmed. From the

above facts an opinion is desired on the following question: Is a police judge liable to a civil action in detinue in a case where he imposed a fine of ten dollars or three days in the city jail, for applying, out of a certificate of deposit in his possession as bail at the time of the trial, the amount of the fine imposed, when the prisoner preferred to serve the jail part of the sentence, and under the circumstances above related?

"Scott M. Ladd, Judge of the Fourth Judicial District of Iowa.

"July 8, 1891."—*Reversed.*

*Martin Neilan,* for appellant.

*W. H. Farnsworth,* for appellee.

GIVEN, J.—Our inquiries are limited to the questions of law stated in the certificate, and these we are to decide in the light of the specific facts certified that relate to those questions. The specific facts certified are that the appellant, sitting as a police judge, found the appellee guilty of an offense over which that court had jurisdiction, and, as authorized by law, entered judgment against the appellee that he pay a fine of ten dollars, or be imprisoned in the city jail for three days. At the same time the appellant, as police judge, ordered that ten dollars of the certificate of deposit theretofore deposited by the appellee in lieu of bail be applied on the fine, and that the balance be returned to him. The appellee then "elected to take the jail part of the sentence," but was not committed. The question certified is whether the appellant is liable to a civil action in detinue for so applying the certificate of deposit in his possession, "when the prisoner preferred to serve the jail part of the sentence." The appellant's authority to receive the certificate of deposit in lieu of bail, and to order it applied as he did, is not questioned in the certificate; only his liability in a civil action in detinue for so ordering it to be applied "when the prisoner

preferred to serve the jail part of the sentence." The judgment is in the alternative, and would be satisfied by either payment or by imprisonment, but, until satisfied, it might be enforced either by collection or by imprisonment. The appellee had the right to pay the fine, and thereby avoid imprisonment, but he had no right to elect to go to jail instead of paying the fine. The judgment not being satisfied, it might be enforced either by collecting the fine or by imprisonment. The appellee's election to be imprisoned was no bar to the appellant's right to enforce collection.

It follows from these conclusions that the question certified must be answered in the negative, and that the judgment of the district court must be REVERSED.