## CITY OF LEAD v. KLATT *et al.*

Pecuniary liability on an undertaking on appeal from a judgment of conviction imposing payment of a fine and costs of prosecution, and, in default of payment, imprisonment, cannot, in case of affirmance, be avoided by surrender of defendant for imprisonment, the undertaking being to pay the judgment if affirmed, and that defendant will surrender his body in execution thereof.

(Opinion filed Aug. 13, 1902)

Appeal from circuit court, Lawrence county.   Hon. JOSEPH B. MOORE, Judge.

Action by the city of Lead against Jacob Klatt and others for the violation of a city ordinance.   Judgment for defendants. Plaintiff appeals.   Reversed.

*Thos. L. Redlon*, City Atty., for appellant.

*C. E. Davis* for Respondents.

FULLER, J.   First in police court, and then on appeal to the circuit court, the defendant for the violation of a city ordinance, was convicted and adjudged to pay a fine of $20, together with the costs of the prosecution, taxed at $94.35, and, in default of payment of such fine and costs, amounting in all to $114.35, it was ordered that he be imprisoned in the county jail at hard labor for the period of 90 days.   On appeal to this court, the "hard labor" feature of the sentence was eliminated,

and the judgment, so modified was affirmed. City of Lead v. Klatt, 13 S. D. 140, 82, N. W. 391. After the remittitur was filed in the court below, the defendant and his sureties personally appeared before the proper city officials, and formally offered to surrender the body of such defendant to be imprisoned for the time specified in the judgment, and the defendant has since repeatedly offered to render himself in execution thereof. On the theory that sureties cannot escape pecuniary liability by offering the body of their principal in execution of a judgment of this character, the city refused the offer, and brought this action on the undertaking to recover the amount of the fine and costs. This appeal is from an order overruling the demurrer of the city to the separate answers of the defendants, and the sole question to be determined is whether a person who appeals from a conviction under a city ordinance imposing fine and costs may exonerate his bondsmen and himself from paying such fine and costs by the surrender of his person for imprisonment. As modified on appeal, the judgment of the circuit court is ''That you, Jacob Klatt, pay a fine of twenty dollars ($20), and costs of the prosecution both in the said police court and in this court, taxed at the sum of ninety-four and 35-100 dollars ($94.35), which are hereby adjudged against you, said fine and costs amounting together to the sum of one hundred and fourteen and 35-100 dollars; and that, in default of payment of said fine and costs, you be imprisoned in the city jail of the city of Lead, Lawrence county, South Dakota, for the period of ninety days, that being one day for every one dollar and twenty-five cents ($1.25) of said fine and costs, or until said fine and costs be sooner paid, and that you stand committed until this sentence be complied with.'' The under-

taking, so far as essential to the question to be determined, is in the following language: "Now, therefore, pursuant to the order of the said court, we Jacob Klatt, as principal, and Levisa Klatt, of Lead city, Lawrence county, South Dakota, as sureties, do hereby undertake, pursuant to the statute of the state of South Dakota in such cases made and provided, that the said appellant will pay all costs that may be awarded against him on such appeal, together with the judgment for twenty dollars, the amount of defendant's fine, and ninety-four dollars and thirty-five cents, the amount of costs taxed against the defendant, or, on dismissal of the said action, not to exceed the sum of three hundred dollars ($300); and do also undertake, pursuant to the statute in such cases made and provided, that if the said judgment, or any part thereof, be affirmed, or the appeal dismissed, the said defendant and appellant will pay the amount directed to be paid by the said judgment, or any part of such judgment as to which the judgment shall be affirmed, if it be affirmed in part, and that the defendant will surrender his body in execution of the said judgment, and will pay all damages which may be awarded against the defendant upon such appeal, not to exceed the sum of three hundred dollars." As the incarceration provided for in the judgment is not intended as punishment, but to enforce payment of the fine and costs, it is held that imprisonment for the full term does not operate to release the defendant of his liability for the payment of the full amount. Not being called upon to invoke the doctrine of the following cases, they are cited in support of the foregoing proposition without comment: City of Warrensburg v. Simpson, 22 Mo. App. 695; Hall v. Doyle, 35 Ark. 445; Albertson v. Kriechbaum, 65, Iowa 11, 21 N. W. 178;

16 S. D.—11

8 Enc. Pl. & Prac. 971.   But for the appeal and undertaking in question, such exempt property as the defendant might have would have been immediately subject to execution in satisfaction of the judgment, and there is nothing in the character of the affirmation to relieve either himself or his sureties from liability.   While the coercive element of the judgment is not neutralized by the undertaking, resort to imprisonment to enforce collection has doubtless been rendered unnecessary, and neither the defendant Klatt nor his sureties have authority to exercise the right of choice as to whether they will pay the amount or have the former go to jail.   In Wills v. Neilan, 88 Iowa, 548, 55 N. W. 527, it is said:  'The appellee had the right to pay the fine, and thereby avoid imprisonment, but he had no right to elect to go to jail instead of paying the fine.   The judgment not being satisfied, it might be enforced either by collecting the fine or by imprisonment.   The appellee's election to be imprisoned was no bar to the appellant's right to enforce collection."

As no defense to the action on the undertaking was alleged plaintiff's demurrer should have been sustained.   The order appealed from is therefore reversed, and the case remanded for further proceedings.