STATE OF IOWA, Appellant, v. STEVE OLIVER, Appellee.

INTOXICATING LIQUORS: Injunction—Violation. A judgment that an accused in a prosecution for contempt in violating an intoxicating liquor injunction ''pay a fine of $300, or in lieu of payment * * * be committed to jail for three months,'' is satisfied *in toto* by serving the term of imprisonment.

Headnote 1: 33 C. J. p. 704 (Anno.)

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

MARCH 15, 1927.

Action upon a bond given on certiorari to recover the amount of a fine. Judgment for defendant. The State appeals. —*Affirmed.*

*Vernon R. Seeburger*, County Attorney, and *Russell Jordan*, Assistant County Attorney, for appellant.

*Strock, Cunningham, Sloan & Herrick*, for appellee.

MORLING, J.—The defendant was convicted of contempt for violation of a liquor injunction. The judgment was:

"That said defendant be and he is hereby ordered to pay a fine of $300, or in lieu of payment thereof, together with the costs and attorney fee, that he be committed to the Polk County jail for a period of three months."

Defendant sued out a writ of certiorari, and gave bond to satisfy the judgment if it should be affirmed. The judgment was affirmed. After the affirmance, defendant served three months in jail, and was discharged on the expiration of the sentence. The plaintiff's claim is that the commitment to jail did not satisfy the fine; that the purpose of the sentence to imprisonment was to coerce payment of the fine.

The statute (Section 2029, Code of 1924) authorizes punishment by a fine of not less than $200 nor more than $1,000, "or by imprisonment in the county jail not less than three nor more than six months, or by both fine and imprisonment." It is provided by Section 13964:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine."

The sentence in terms is in the alternative, "to pay a fine of $300, or in lieu of payment thereof, together with the costs and attorney fee, that he be committed to the Polk County jail for a period of three months." We need not pass upon the validity of an alternative sentence. The defendant has served the three months in jail. The sentence to jail does not purport to be

coercive of the payment of the fine, under Section 13964. It does not purport to be a sentence both to pay the fine and to be imprisoned for three months. The law authorizes the infliction of the fine or the imprisonment or both. The judgment does not purport to be both. We cannot presume that the sentence was intended to be for both fine and imprisonment. In *Wills v. Neilan*, 88 Iowa 548, 551, the sentence under consideration was that the defendant be fined $10, or confined three days in jail. Defendant elected to take the jail part of the sentence, but was not in fact imprisoned. The court said:

"The judgment is in the alternative, and would be satisfied by either payment or by imprisonment, but, until satisfied, it might be enforced either by collection or by imprisonment. The appellee had the right to pay the fine, and thereby avoid imprisonment, but he had no right to elect to go to jail instead of paying the fine. The judgment not being satisfied, it might be enforced either by collecting the fine or by imprisonment. The appellee's election to be imprisoned was no bar to the appellant's right to enforce collection."

In *State v. Meier*, 96 Iowa 375, 377, the sentence was to pay a fine and to be imprisoned. The court said:

"The obligation of Hoffman was not in the alternative, that he would pay the fine or deliver the defendant in the execution of judgment, but he expressly undertook to do both. Such being the case, Hoffman's liability was not satisfied by delivering the defendant to the sheriff, in execution of the judgment."

In *State v. Marquardt*, 194 Iowa 1311, the sentence was to pay a fine and to stand committed until the fine was paid, not exceeding 135 days. That was not an alternative judgment. The provision there for imprisonment was coercive. We are of the opinion that, the validity of the judgment being conceded, it was in the alternative, and that the payment of the fine or serving the three months in jail was a satisfaction of the judgment, except as to attorney fees and costs. The court below rendered judgment for the attorney fees and costs, but directed a verdict against the plaintiff on the claim for the $300 fine. We are of the opinion that the court was not in error in so doing.

The judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.