ROGER WINFIELD, Appellee, v. T. P. HOLLOWELL, Appellant.

**FALSE PRETENSES:** Elements—Felony(?) or Misdemeanor(?) The presentation of, and the obtaining of property on, a spurious check, purporting to be signed by one other than the presenter, constitute a felony, under Sec. 13045, Code of 1924, and not a misdemeanor, under Sec. 13047, Code of 1924, the other essential elements of the felony being duly alleged and established.

Headnote 1: 25 C. J. p. 614.

Headnote 1: 11 R. C. L. 827, 830 *et seq.*

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

JULY 1, 1927.

Appeal from an order by the district court in a habeas corpus proceeding. The plaintiff was a prisoner, detained, under a judgment of conviction, in the penitentiary at Fort Madison; and the defendant was, and is, the warden of such penitentiary. The trial court sustained the writ and discharged the prisoner, and from such order this appeal is taken. —*Reversed.*

*John Fletcher,* Attorney-general, *Maxwell A. O'Brien* and *Gerald O. Blake,* Assistant Attorney-generals, and *J. M. C. Hamilton,* County Attorney, for appellant.

*E. D. Marshall,* for appellee.

EVANS, C. J.—A judgment of conviction had been entered against the plaintiff herein in the district court of Cerro Gordo County, under an indictment which charged the crime of obtaining property by false pretenses, in violation of Section 13045 of the Code of 1924. The contention in behalf of the prisoner was, and is, that the facts charged in the indictment disclosed a violation only of Section 13047, and as such, was a misdemeanor only, and not triable by indictment.

The question, therefore, is whether the facts charged in the indictment classify the case as one which should have been prosecuted as a misdemeanor, under Section 13047, or as a felony, under Section 13045.

The false pretense charged in the indictment was the presentation of a spurious check, falsely purporting to be signed by one Cornwall, whereby the prisoner obtained property from the Stevens Shoe Company. The case is squarely ruled by our ruling in *Schnepf v. Hollowell* (Iowa), 212 N. W. 572 (not officially reported). See, also, *Humphrey v. Hollowell*, 203 Iowa 221.

The judgment below was clearly erroneous, and it is, accordingly, reversed.—*Reversed.*

STEVENS, FAVILLE, VERMILION, and KINDIG, JJ., concur.